# Case of Green Township.

Upon a petition of the inhabitants to divide a township, the court have not power to adopt any other line of division than that prayed for in the original petition.

CERTIORARI to the Quarter Sessions of *Franklin* county.

This case was decided in the court below in the absence of the President Judge. The facts are fully stated in the opinion of the Court. The case was argued here by

*Baird*, for plaintiff in error.
*Nill* and *Smith*, contra.

The opinion of the Court was delivered by

KENNEDY, J.—This was a proceeding commenced under the provisions of the 13th and 14th sections of the Act of the 15th of April 1834, for the purpose of having a division made of Green township, in the county of Franklin. By the 13th section it is enacted that "the several Courts of Quarter Sessions shall have authority within their respective counties to erect new townships, to divide any township already erected, and to alter the lines of any two or more adjoining townships so as to suit the convenience of the inhabitants thereof, and to cause the lines or boundaries of townships to be ascertained and established." And by the 14th section it is directed, that "upon application by petition to a Court of Quarter Sessions for the purpose of erecting a new township, or altering the lines of any township, or of ascertaining and establishing the lines or boundaries of any township, the said court shall appoint three *impartial* men, if necessary, to inquire into the propriety of granting the prayer of the petition; and it shall be the duty of the commissioners so appointed, or any two of them, to make a plot or draft of the township proposed to be divided, and the division line proposed to be made therein, or of the township proposed to be laid off, or of the lines proposed to be altered of two or more adjoining townships, or of the lines proposed to be ascertained or established, as the case may be, if the same cannot be fully designated by natural lines or boundaries; all which they, or any two of them, shall report to the next Court of Quarter Sessions, together with their opinion of the same: and at the term after that at which the report shall be made, the court shall take such order thereupon as to them shall appear just and reasonable." See *Pamph.* 537.

To the Court of Quarter Sessions of Franklin county, at its ses-

sion in August 1844, a petition, signed by 164 inhabitants of Green township in said county, was presented, stating, among other things, that the township contained 756 taxable inhabitants; that from the great extent of its territory and the number of inhabitants, the transaction of the business of the township had become inconvenient to a large number of the inhabitants thereof; that it contained two election districts, with the exception of one of them which included a small portion of Guilford township; and therefore praying the court to appoint commissioners to view said township of Green and to divide the same, by starting where the point then was, dividing the township into two election districts, and ending where the said line then ended, so as to suit the convenience of the inhabitants thereof, and make a report thereof according to law. The court therefore appointed Dr S. Kennedy, James Logan and Hugh Auld, commissioners to inquire into the propriety of granting the prayer of the petitioners, requiring them to make a plot or draft of the said township proposed to be divided, and the division line proposed to be made therein, if the same could not be designated by natural boundaries; and to make report thereof to the next Court of Quarter Sessions, together with their opinion of the same.

The commissioners, in pursuance of this appointment, after having been sworn to execute and perform faithfully and truly the duties imposed upon them, made a report to the next Court of Quarter Sessions on the 30th of October 1844, stating that they had proceeded to view the lines of the said township of Green, and to divide the same, on the 22d, 23d, 24th and 25th days of that month, and that they had viewed the lines of said township, and the proposed division lines as mentioned in the prayer of the petitioners, and therewith returned a plot or draft of the said township of Green, and of the proposed division line, which division line they represent as follows; namely, beginning at a post in the road known as M'Kesson's Mill, on the line dividing Green and Guilford townships and the said township of Green into two election districts, 1146 perches from the corner of Guilford and Hamilton townships, on the Green township line, in the middle of East Conococheague creek; and thence north two degrees east, 436 perches through clear land of John and Jacob Shively, William Vanderane, Jacob Hollinger, William Hambright and others, to the south-east corner of George Brindle's house; and thence south 75 degrees east, 2376 perches, to the Adams county line; and stated, also, they were of opinion that it was inexpedient to divide the said township of Green as proposed in the petition; but were of opinion, upon due reflection and examination, that the said township of Green ought to be divided by a line marked as the black dotted line on their draft: beginning at the same point as in the division line proposed by the petitioners, and thence along the said proposed line to the house of George Brindle, and thence from

[Case of Green Township.]

the south-east corner of said house, north 35 degrees east, to the Southampton township line; a plot of which was thereto annexed.

The report of the commissioners thus made was filed with the records of the court, without anything further being done with or in regard to it at that session of the court; but at the following session of the court, on the 20th of January 1845, a petition signed by 184 of the inhabitants (including the 164 who signed the first petition, presented at the August session of the court, 1844) of the said township of Green, was presented, praying a division of the township for the same reasons mentioned in the first petition; and, after referring to the report of the commissioners made thereon, pray the court to divide the said township of Green into two townships, by and according to the division line recommended and approved by the commissioners. But on the same day, 20th January 1845, a remonstrance against the division, signed by 168 of the inhabitants of the township, was presented to the court, denying the inconvenience complained of by the petitioners; and among other reasons for their opposing the division of the township, stated that the burden of taxation for road and school purposes would fall with unequal severity upon the southern division, inasmuch as the roads and bridges centred more in that end of the township, which was poorer in its soil, and contained a much greater proportion of the poor population; and that in case of a division both townships would be too small. The court, however, at the same session, on the 28th of January 1845, made an order requiring the same commissioners to proceed and mark the boundaries recommended and reported by them, by distinct marks and lines; of which they were required to make a return or report at the next March sessions of the court, at which time the court said the complainants would be further heard, if deemed proper. The commissioners accordingly made a report to the next March Quarter Sessions Court, stating that, in conformity to the requisition of the court, they had gone on the ground, and run and marked the line in favour of which they had previously reported to the court; setting forth the beginning, the courses and distances, and the end thereof, together with a plot or draft of the same annexed. At the same court, a remonstrance signed by 368 persons was presented to the court, opposing the division of the township.

Various exceptions were also filed on the part of the remonstrants to the proceeding in the case, showing that it was irregular, and not in conformity to the Acts of Assembly made in that behalf. 1st. That the court had connected the petition presented at the August session, and the report of the commissioners thereon, with the petition presented subsequently at the January session for a division of the township by an entirely different line from that asked for in the petition presented first at the August session, which could not be done. 2d. That the second petition presented for a division did not ask for the appointment of commissioners, as

[Case of Green Township.]

it ought to have done, to inquire into the propriety of granting the prayer of the petition; nor did the court appoint any for that purpose, as prescribed by the Act, but instead of doing so, adopted the division line, not prayed for by the first petition, but recommended by the commissioners appointed upon it, who were appointed for the purpose of inquiring into the propriety of dividing the township by a line altogether different; so that the line recommended was therefore entitled to no regard whatever from the court.   There were many other exceptions filed, some of which could not well be inquired into and passed on here; and others of them, which come within our cognisance, are not deemed of sufficient importance to require particular notice.   The court, however, overruled them all; and passed a decree directing Green township to be divided into two townships, according to the line recommended by the commissioners in their report to the first petition, presented at the August session of the court, and afterwards prayed for in the second petition, presented at the January session of the court, 1845.

The exceptions mentioned above, as well as many other matters, have been assigned for error here.   It is conceived unnecessary, however, to discuss and pass upon any others than the two above specified, as they present, in our opinion, insuperable objections to the validity of the decree and order of the court below.   The commissioners appointed by the court upon the first petition at its August session of 1844, were appointed for a special purpose; which was, to inquire into the propriety of granting the prayer of the petitioners to have a division of the township made according to the line set forth in their application.   Beyond this the commissioners were not authorized to go; nor indeed do I think that the court had the power upon that petition to give them any further authority.   They reported against the propriety of dividing the township according to the line mentioned in the petition, which, agreeably to the provisions of the Act of Assembly, was all they had to do, and put an end to all further proceedings upon that petition.   They, it is true, did not stop there, or content themselves with reporting against the propriety of the division as asked for, but undertook to report in favour of a different division, neither asked for nor suggested, nor authorized by the commission under which they acted from the court; and consequently could not, and at no subsequent period ought to have been regarded as an official act, or entitled to any respect as such by the court. The report, therefore, of the commissioners against the propriety of dividing the township according to the prayer of the petitioners, put an end to all further proceedings thereon.   It cannot be supposed, or even imagined, that it would have been right for the court, at the January session following, to have passed a decree, dividing the township according to the line recommended by the commissioners, as it might have done according to the line pointed

out and designated by the petitioners, if the commissioners had reported in favour of the propriety of the township being so divided; yet the court might just as well have made such decree then, as to have made it in the manner it was done at the March session following. For then the court had no report in favour of the division which they by their decree established, from commissioners appointed and authorized by them under the Act of Assembly to make it. Thus, in contemplation of law, at least, if not in fact, it appears that the court decreed a division of the township without any commissioners having been appointed to inquire into the propriety of its being done as it was; which we think was contrary to the true meaning of the Act of Assembly. And even if the Act of Assembly were such in its terms as to authorize the court, in the exercise of their discretion, to make the division without appointing commissioners and having their report in favour of the propriety of it first, yet it would seem, from the great opposition made by the inhabitants of the township to the division in this case, that it would have been highly proper, if not necessary, for the court to have appointed *impartial* commissioners, and to have had their report first in favour of the division, before decreeing it. But, according to a fair construction of the Act, the court could not dispense with the aid and advice of commissioners in favour of the division asked for, as directed by it.

It may, however, be proper to observe further, that the Act of Assembly expressly requires that the commissioners directed to be appointed shall be impartial men; and hence, if the court had appointed commissioners upon the second petition praying a division of the township according to the division line recommended by the gentlemen appointed commissioners on the first petition, it would not have been proper to have appointed them on the second; because they could not be said to be impartial, no more than the petitioners themselves could be said to be so; as to whom it will scarcely be said, that it would have been right in the court to have appointed three of them to examine into and report to the court on the propriety of making the division which they themselves with others had asked for in their petition. By their petition they had shown that they had already made up their minds and formed an opinion on the matter, and could not therefore well be considered as competent to judge impartially in regard to it. And so it may be said of the gentlemen who were appointed commissioners on the first petition, that they had formed an opinion in favour of the division asked for in the second petition, without having been required to do so under the discharge of any duty imposed upon them, but most probably moved to do so from motives similar to those which influenced the petitioners, and therefore were rendered equally incompetent with the peti-

[Case of Green Township.]

tioners to serve impartially as commissioners. The proceeding and order of the court below dividing the township of Green is quashed.

Proceedings quashed.