# Wetmore Township.

1. The court has not authority to alter the lines reported by commissioners appointed to change the lines of a township.

2. It is the duty of the commissioners to return with their report a map or plan of the proposed new township and the alterations of the lines of existing townships, unless natural lines dispense with it.

3. The map is to be filed with the report and becomes part of it and of the record of alteration.

4. If the court are convinced of errors and improprieties in the report, it has power to recommit it to the same commissioners or set it aside and appoint a new view.

5. The court cannot assume the duties of the commissioners and lay down new lines.

6. Green Township, 9 W. & S. 22, adopted; Warwick Township, 6 Harris 372, not recognised.

March 31st 1871. Before THOMPSON, C. J., READ and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *McKean county*: No. 377, to January Term 1871.

[Wetmore Township.]

On the 30th of December 1868 a number of residents of Sergeant and Wetmore townships, in McKean county, petitioned the Court of Quarter Sessions for the annexation of parts of Sergeant and Hamlin townships to the township of Wetmore, and in their petition they set out the lines by which they desired the annexation made. Commissioners were appointed, who reported that they had "made a plot or draft of the township of Wetmore as at present laid, and of the line of said township as proposed to be altered by the annexation of portions of Sergeant and Hamlin to the same, the line of which said Wetmore township to be as follows, viz.: beginning, &c. (describing the line by numbered warrants); and stated that in their opinion the lines of the three townships should be so altered. On the 23d of December 1869 the court confirmed the report of the commissioners, adopting the line established by them through Sergeant township, but changing the line so as to take in five warrants and five parts of warrants in Hamlin township, whereas the commissioners in their report had included fifteen warrants and the five parts of warrants.

The citizens opposed to the decree of the court took out a certiorari from the Supreme Court, and assigned the decree thus changing the report of the commissioners for error.

*R. Brown*, for certiorari, cited Green Township, 9 W. & S. 22; Act of April 15th 1834, § 14, Pamph. L. 539, pl. 17; Henderson and West Townships, 2 Watts 269; Harrison Township, 5 Barr 447; Macungie Township, 14 S. & R. 67; Sewickley Township, 9 Casey 297; Warwick Township, 6 Harris 372.

*W. A. Williams*, contrà.

The opinion of the court was delivered, May 8th 1871, by

THOMPSON, C. J.—The petition in this case prayed for an alteration of the lines of Wetmore township, to include portions of Hamlin and Sergeant townships. When the commissioners reported the lines as prayed for, the court not being satisfied with them, altered, at its own instance, and confirmed them as altered. We think this exceeded the powers of the court under the 13th and 14th sections of the Act of April 15th 1834. Where commissioners are appointed in such cases it is their duty to return with their report a map or plan of the proposed new township, or the alterations of the lines of existing townships unless natural lines dispense with it. The map or draft is to be filed with and becomes part of the report and record of the alteration. The court cannot therefore change this; otherwise there would be a discrepancy between the lines designated on the draft and those confirmed, which would lead to difficulties. If the court are convinced of errors and improprieties in the report, it has power to

recommit it to the same commissioners, or set it aside and appoint a new view, but cannot assume the duties of commissioners itself and lay down new lines. This is the doctrine laid down by Kennedy, J., In re Green Township, 9 W. & S. 22. He says: "Thus in contemplation of law at least, if not in fact, it appears that the court decreed a division of the township without any commissioners having been appointed to inquire into the propriety of its being *done as it was done*, which we think was contrary to the true meaning of the act." This was said in a case like the present, where the lines were changed by the court. It is supposed this decision is overruled by the case of Warwick Township, 6 Harris 372, but an intention to do so is not apparent. Whilst this decision is at variance, it is true, in some respects with the case first cited, we regard that case as the true construction of the Act of Assembly in a case where there is a view and draft by commissioners.

For these reasons we think the confirmation of lines altered by the court was error, and the decree of confirmation is to be reversed, leaving the court to confirm or set aside the report of the commissioners as to them may seem just.

Proceedings reversed.