# Stowe Township Division.

*Townships—Division of townships—Notice—Report of commissioners— View of locality—Exceptions—Appeals—Act of April 15, 1834, section 13, P. L. 537.*

In proceedings under the Act of April 15, 1834, P. L. 537, relative to the division of townships, the inhabitants have a natural right to a hearing before the commissioners, and, therefore, it is the duty of the commissioners to give notice. It is also the duty of commissioners to view the proposed division line, but the performance of such duty will be presumed on appeal unless the report shows the contrary. If the report is ambiguous on this subject, and no exception has been filed to it upon this ground in the court below, the appellate court will not, on appeal, and after the organization of the two townships has been completed, presume that the commissioners failed in their duty.

Where the commissioners have reported in favor of division according to the line specifically described in the petition, objection cannot be made to the report on the ground that certain descriptive words had been added to the description of the line, where such words produce no variance between the petition properly understood, and the report.

The Act of April 28, 1899, P. L. 104, contains no provision which is inconsistent with or repugnant to the provisions of the Act of April 15, 1834, section 13, P. L. 537, and its supplements, relating to the division of townships; nor is there anything in the nature of a township of the first class which prevents its division in the mode prescribed by the general law.

Argued April 14, 1903. Appeal, No. 99, April T., 1903, by Robert F. Clever, from order of Q. S. Allegheny Co., Dec. T., 1900, No. 11, dividing a township in case of Division of Stowe Township. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for division of Stowe township.

From the record it appeared that on January 11, 1901, certain of the inhabitants of Stowe township, a township of the

first class, petitioned for its division. Commissioners were appointed who reported in favor of the division.

Exceptions to the report of the commissioners were dismissed by the court. Robert F. Clever took an appeal, filing assignments of error as follows :

1. The court was without jurisdiction and the order and proceedings invalid, as the commissioners were not all present as a body when they met upon the ground to view the proposed lines of division in their performance of their duty, but only two of the commissioners, Charles Davis and Samuel A. Foster, were present, and the other commissioner, O. R. Cooke, was not present and did not meet the other commissioners upon the ground to view the proposed lines of division of said township.

2. The court was without jurisdiction and the orders and proceedings invalid, as it does not appear affirmatively on the face of the proceedings that due notice of the view was given to the inhabitants when the view of the ground was made by the commissioners.

3. The court was without jurisdiction and the order of the proceedings invalid, because that part of the said township lying between McKee's Rocks borough and Sheraden borough, separated and cut off from the remainder of the township was not known by petitioners to belong to the township proposed to be divided, and was not included in the description in the petition for the division of the same.

4. The court was without jurisdiction and the proceedings invalid, as the commissioners did not report upon the propriety of granting the prayer of the petitioners, but reported a different line, including the part of the township lying between McKee's Rocks borough and Sheraden borough, separated and cut off from the remainder of Stowe township, and not included in the description in the petition for division of same.

5. The court was without jurisdiction and the proceedings invalid, as the interlineation in the description of the petition of Thomas McCoy, extending the division line along the McKee's Rocks borough line, to Chartiers creek, was unauthorized by court or law.

6. The division of Stowe township, a first-class township

under the act of April 28, 1899, is repugnant to said act and illegal.

*Robert F. Clever*, for appellants, cited : In re Road in Butler Twp., 6 Kulp, 443; Windsor Twp., 9 Watts, 248; Sewickley Twp., 33 Pa. 297; Bethel Twp., 1 Pa. 97; Norwegian Twp., 20 Pa. 324; Green Twp., 9 W. & S. 22; In re Division of Plum Twp., 83 Pa. 73.

*Noah W. Shafer*, for appellees.

OPINION BY RICE, P. J., October 5, 1903 :

The act of 1834 relative to the division of townships is silent as to notice, but it has been authoritatively determined that the inhabitants have a natural right to a hearing before the commissioners, and, therefore, it is the duty of the commissioners to give notice: Bethel Township, 1 Pa. 97; Norwegian Township, 20 Pa. 324; Independent School District, in Sewickley Township, 33 Pa. 297. Nor does the act expressly require the commissioners to view the proposed division line, but they are required to return a plot or draft of the township proposed to be divided and the division line proposed to be made therein, if the same cannot be fully designated by natural lines or boundaries, and also to report upon the propriety of the proposed division, and it has been declared that they cannot form a correct judgment " without a view of the country : " Wyalusing Township, 2 S. & R. 402. Hence the duty to view is necessarily implied, but the performance of it will be presumed on appeal unless the report shows the contrary : Wyalusing Township, supra. In the present case the commissioners reported as follows : " That having met on the 10th day of April, A. D. 1902, pursuant to legal notice, two of the commissioners, Charles Davis and Samuel A. Foster, being present, and O. R. Cooke having since gone over the ground, all of the commissioners being severally sworn according to law, we viewed the proposed division line, and after due consideration and diligent inquiry as to the propriety of granting the prayer of the petitioners, are of the opinion that the prayer of the petitioners should be granted for the reasons set forth in their petition." It is

thus shown that the commissioners gave legal notice, that all of them viewed the proposed division line, that they jointly deliberated upon the question of the propriety of the proposed division, and that they concurred in judgment upon that question. It is urged that the commissioners must traverse the proposed division line in a body. Without stopping to discuss the question whether this is absolutely essential, it seems to the majority of us that the most serious criticism that can be made of the report is that it is ambiguous—the first part of the above quoted paragraph seeming to show that one of the commissioners viewed the line separately from the others, and the concluding part of the paragraph seeming to show that they acted conjointly in that as well as in their other duties. If the report had been excepted to in the court below upon this ground it is probable that the ambiguity would have been satisfactorily explained or that the report would have been referred back to the commissioners for more explicit statement or for correction in accordance with the facts. The appellant excepted in the court below to the report, but not upon this ground. True, advantage may be taken of want of jurisdiction at any stage of the proceedings; the objection is not waived by failure to interpose it in the court below. But, as we have seen, the objection under consideration is not of that nature. It belongs to a class, of which many illustrative cases may be found in the reports, which in fairness ought to be raised in the court below. The fact that it was not raised there is strong evidence that the appellant had no real cause of complaint against the method pursued by the commissioners. At any rate, we think he could not hold the objection in reserve and urge it for the first time on appeal, when, presumably, the organization of the two townships has been completed. As the objection was not raised by exception in the court below it is not our duty to adopt a construction of the ambiguous language that would convict the commissioners of irregularity unless such construction is imperatively required. As was said in Windsor Township, 9 W. 248, " In the court below, the fact might have been inquired into on affidavits; and that was the place for the objection. Here we have no discretion; for, on a certiorari, every intendment is to be made in favor of the proceeding, till the contrary appear." Taking the language of the report as a

whole, we think it does not affirmatively and conclusively show that the commissioners did not do their duty.

It appears that there is a small tract of land belonging to the original township which was separated therefrom by the borough of McKee's Rocks. This lies to the east of the western boundary line of the borough, and is bounded on one side by Chartier's creek and on all other sides by the borough. The petition prayed for a division of the township by a line beginning at a designated point on the Ohio river, thence up Porter's run or hollow to the land of the Ewing heirs, thence by property lines and a public road, describing them, to the line of McKee's Rocks borough. The line in which the proposed division line thus terminates or merges is the western boundary line of the borough. The manifest intention of the petitioners was to include in one of the new townships all that part of the original township lying southwesterly of the line described in the petition and westerly of the borough of McKee's Rocks, and to include all the remaining portions of the old township in the other new township. According to this plan of division the separate tract of land above referred to would necessarily be included in the latter township. The suggestion that the petitioners did not know of this piece of land has nothing in the record to sustain it, and the fact cannot be presumed. The commissioners reported in favor of a division according to the line specifically described in the petition, but when they reached the borough line added, " thence southerly along said borough line to Chartier's creek." The addition of these descriptive words produced no variance between the petition, properly understood, and the report. There was thereby included in each of the new townships no more and no less than was clearly intended to be included by the petitioners. We fully recognize the rule laid down in Green Township, 9 W. & S. 22, that upon a petition of the inhabitants to divide a township the court has not power to adopt any other line of division than that prayed for in the petition, but we are unable to sustain the appellant's contention that the rule was violated in the present case.

The Act of April 28, 1899, P. L. 104, providing for the classification of townships, expressly declares: " Except so far as modified by the provisions of this act, all existing laws relating

to townships shall continue in force until changed, modified or repealed, as to either class of townships, by legislation relating expressly thereto." The act contains no provision which is inconsistent with, or repugnant to, the provisions of the act of 1834, and its supplements, relating to the division of townships. Nor is there anything in the nature of a township of the first class which prevents its division in the mode prescribed by the general law. " The act of classification does not attempt to create a hybrid borough, neither township nor borough; it obviously intends to preserve the old township organization with all its powers and duties except where it expressly enacts otherwise:" DEAN, J., in Dempster v. United Traction Co., 205 Pa. 70. There is no merit in the sixth assignment of error.

All the assignments of error are overruled and the decree is affirmed.