## White Independent School District.

*School law—Independent school district—Notice—Acts of May 8, 1855, P. L. 509, and May 20, 1857, P. L. 587.*

An order establishing an independent school district, will not, after the expiration of fifty years, be vacated and the district abolished, merely because the notice required by the act was not given before the order was made, nor because the order was made prior to the term provided by the Act of April 15, 1834, P. L. 537; and this is especially the case, where there is ground for holding that the report of the commissioners and the confirmation thereof, were made at the times prescribed by the act.

The Act of May 20, 1857, P. L. 587, has no application to proceedings for the formation of independent school districts begun and consummated under the Act of May 8, 1855, P. L. 509, before the act of May 20, 1857, was passed.

Argued May 21, 1906. Appeal, No. 33, April T., 1906, by White Independent School District of Sparta Township, from

order of Q. S. Crawford Co., Nov. T., 1855, No. 38, and April Term, 1856, No. 17, abolishing independent school district in the Matter of the White Independent School District of Sparta. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Petition to abolish an independent school district. Before THOMAS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*George W. Haskins*, with him *John G. McClintock*, for appellant.

*Thomas J. Prather*, for appellee.

OPINION BY MORRISON, J., June 30, 1906:

On November 24, 1855, taxable inhabitants of the township of Sparta presented a petition to the court of quarter sessions of Crawford county, praying that certain territory described in the petition be formed into an independent and separate school district, and praying for the appointment of commissioners, etc. On the same day the court appointed three commissioners to view the premises and report at the next court in accordance with the act of assembly of May 8, 1855. By paper dated the following January the commissioners reported in favor of the independent school district, describing the territory to be embraced therein. On April 11, 1856, the court made the following order: " And now, April 11, 1856, approved and confirmed by court. And election to be held for school directors on ten days' notice to be given by the constable of the township. Election to be held at the schoolhouse at George White's in Sparta township, the name to be White District." It is conceded that said independent school district was thereupon organized and has been in existence ever since, a period of about fifty years, exercising all the functions and performing all the duties of such a school district.

On February 17, 1880, at No. 56, February Sessions, 1880, citizens of Sparta township petitioned the court to abolish the

said independent school district.    This petition was not based upon any alleged irregularities or defects in the original proceedings, but its prayer was to have the independent school districts abolished on other grounds as provided by the Act of Assembly of May 20, 1857, P. L. 588.

After a lengthy and careful hearing on the merits, by testimony and arguments of counsel for and against this application, the court in a lengthy opinion dismissed the petition and decreed that the said independent school district be continued. It is conceded that the original proceedings in this case were under the Act of May 8, 1855, P. L. 509, the fifth section of which provides :

" Section 5. That upon petition of not less than twenty taxable inhabitants of any township or townships, desiring the formation of the territory upon which they reside into a separate and independent common school district, and setting forth the bounds of such proposed district, the court of quarter sessions of the proper county shall appoint commissioners to view the premises and report to the court at its next term, the lines of the proposed new district, either according to the bounds set forth in the petition or to such other bounds as they shall think more advisable, together with their opinion on the expediency of establishing or not establishing the same, the proceedings upon which petition, commission and report, and the final disposition thereof shall, in all other respects, be according to the act of assembly now in force relative to the erection of new townships : Provided, That if said proceedings result in the establishment of a new common school district, the cost of the commission and the office fees shall be paid by the new said district, but if otherwise, said costs and fees shall be paid by the petitioners themselves."

It seemed to be conceded and is clear that the act of assembly referred to in said section 5, " now in force, relative to the erection of new townships," is the Act of April 15, 1834, P. L. 537, section 14 :

" Section 14. Upon application by petition to a court of quarter sessions, for the purpose of erecting a new township or altering the lines of any township, ' or of ascertaining and establishing the lines or boundaries of any township,' the said court shall appoint three impartial men, if necessary, to inquire into

the propriety of granting the prayer of the petition, and it shall be the duty of the commissioners so appointed or any two of them to make a plot or draft of the township proposed to be divided, and the division line proposed to be made therein, or of the township proposed to be laid off, or of the lines proposed to be altered of two or more adjoining townships, ' or of the lines proposed to be ascertained and established,' as the case may be, if the same cannot be fully designated by natural lines or boundaries, all of which they or any two of them shall report to the next court of quarter sessions, together with their opinion of the same, and at the term after that at which the report shall be made the court shall take such order thereupon as to them shall appear just and reasonable."

On December 14, 1904, the petition of twenty-eight citizens of Sparta township, outside of said independent school district, was filed in the original case, asking the court to abolish said independent school district on the ground of the irregularity and illegality in the original proceedings establishing the same, and the court upon hearing filed a decree abolishing said independent school district on those grounds.  The present appeal is from that decree.

The learned court seems to have based its action upon the want of notice being given before the making of the original decree, and because said decree was made, as the court contends, at a time prior to the time at which the law authorized it to be made.  The court cites Independent School District No. 8, in Sewickley Twp., 33 Pa. 297.  In that case the proceedings were under the act of May 8, 1855, and the decree was made establishing the district without any notice being given of the time and place the commissioners would view the premises.  The Supreme Court held that want of notice was fatal to the proceedings.  But in it exceptions were filed and the want of notice was promptly brought to the attention of the court, and the proceedings were duly removed to the Supreme Court.  The Supreme Court also sustained the fifth exception, that: " The court erred in confirming the report of commissioners at the same term to which it was returnable, it appearing that the confirmation was made absolute within five days after the report of the commissioners was made."

In Stowe Township Division, 23 Pa. Superior Ct. 285, we held : " The act of 1834 relative to the division of townships is silent as to notice, but it has been authoritatively determined that the inhabitants have a natural right to a hearing before the commissioners, and, therefore, it is the duty of the commissioners to give notice."   But that is a case where the question was promptly raised by exceptions, while in the present case no exceptions were filed and it does not affirmatively appear that the commissioners did not give notice, and we are strongly of the opinion, that in view of the fact that this independent district has existed and been recognized for about fifty years, it ought now to be presumed that the court was satisfied that the notice required by law had been given.   It ought now to be presumed that the learned court would not have made the decree without satisfactory proof of notice.

The learned counsel for the appellee contends that an independent school district can only be created under the act of May 8, 1855, as defined by the Act of May 20, 1857, P. L. 588, and Hatfield Township School District, 2 Walker, 169, is cited to sustain the proposition that the original petition in the present case is fatally defective, because it does not comply with the requirements of the act of May 20, 1857.   But that proceeding was not begun until long after the passage of the act of 1857, and of course the act of 1855 and the act of 1857 must be construed together in such a case.   But in the present case the proceeding was begun and consummated under the act of 1855, before the passage of the act of 1857, and, therefore, we are of the opinion that its legality does not depend at all upon the provisions of the act of 1857.   That act is not retroactive as we view it.

As we understand the opinion of the Supreme Court in the Hatfield township case, it decides that the provisions of the act of 1857 are only applicable to cases arising since its passage and as to such cases, the two acts are to be read together ; therefore, when that case holds that independent school districts can only be formed where they are necessary, not where they are expedient, it only refers to such as are formed since the act of May 20, 1857.   Certainly section 5 of the act of 1855, does authorize the courts to establish independent school districts on the ground of expediency.

We then have the somewhat difficult question remaining that the decree was made in the present case prior to the term provided by the act of 1834. That act clearly requires the commissioners to "report, to the next court of quarter sessions, together with their opinion of the same, and at the term after that at which the report shall be made, the court shall take such order thereupon as to them shall appear just and reasonable.".

It is contended that the terms of the courts of quarter sessions of Crawford county were, in 1855, "on the second Mondays in February, April, August and November." The petition was presented at the November sessions. The commissioners were appointed November 25, 1855. It is not clear by the record before us when the report of the viewers, with the plot of the district, was filed. But it is dated the January following the date of their appointment, and was confirmed absolutely at the April term of 1856, and we are disposed to assume that the report was filed at the February term of 1856, and if so, the confirmation was regular.

The independent school district having been recognized as legal and valid by all of the interested parties for about fifty years, the courts ought not now to be astute in endeavoring to discover that the learned court below made the decree establishing the district at the same term to which the commissioners reported. We will not convict the court of a palpable violation of the provisions of the acts of 1855 and 1834, in that respect, on the record as it appears before us. We, therefore, conclude that the learned court erred in its decree vacating and annulling the White independent school district. This view makes it unnecessary to discuss the question of estoppel raised by the appellant, based upon the proceedings of 1880, hereinbefore referred to.

We incline to the opinion, however, that there is considerable merit in the contention based on the action of the court upon the petition of February, 1880, asking to abolish the said independent district, and the decree of the court refusing the prayer of the petition, and continuing the district.

It is true that one of the petitions was upon the merits, and the one now under consideration is based upon alleged illegalities, but all of these questions could have been raised in the

one petition, and all of the inhabitants of Sparta township might have joined in that petition, if they had seen fit.

But not having done so, and raised all of the questions that might have been placed before the court in 1880, we are inclined to the opinion that they now come too late with their alleged irregularities and illegalities in the original proceeding. We think the court in 1855 and 1856 had jurisdiction of the subject-matter, and that the proceedings creating the district in question, were not void, and that any irregularities or illegalities appearing therein, ought to have been raised by exceptions.

The assignments of error are sustained and the decree is reversed at the costs of the petitioners, and the original decree of April 11, 1856, is reinstated.