# Haverford Township, Appellant, *v.* Wilfong.

*Townships—First class townships—Care of public health—Act of April 28, 1899, P. L. 106.*

The commissioners of a township of the first class have no authority under the Act of April 28, 1899, P. L. 106, or any other act to enact an ordinance making it an offense for any person or persons to feed garbage or offal to animals within the limits of the township. Such a township has no authority to pass such an ordinance as an inherent attribute of a municipal corporation under the police powers.

Powers of first class townships are only such as are conferred by express enactment.

Argued November 18, 1914. Appeal, No. 93, October T., 1914, by plaintiff, from order of Q. S. Delaware Co.,

March Sessions, 1913, 102, quashing summary conviction in case of Haverford Township v. David Wilfong. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Appeal from summary conviction. Before BROOMALL, J.

The case turned upon the validity of the ordinance quoted in the opinion of the Superior Court.

*Error assigned* was the order quashing the conviction.

*E. Wallace Chadwick* and *William I. Schaffer,* for appellant.—A township of the first class is a municipal corporation, with legislative power, and as such enjoys the police power as an inherent attribute: Philadelphia v. Fox, 64 Pa. 169; Com. v. Culp, 16 Philadelphia 496.

If a township of the first class is not a municipal corporation, it is then a quasi-municipal corporation like the county or its subdivision, the old township, now the township of the second class. To the latter is applicable the definition of township in Williamsport v. Commonwealth, ex rel., 84 Pa. 487: A township of the first class is a municipal corporation. Radnor Twp. v. Bell, 27 Pa. Superior Ct. 1. It is hard to believe, in view of the legislation respecting the township of the first class, that the legislature did not expressly grant to them the general police power.

. The legislature has found it necessary to erect such districts into political divisions with broad powers; their inhabitants have been taught to look to their Commissioners for the same measure of protection that other inhabitants of thickly populated communities receive; they can point to express legislative authority for their representatives "generally to take all needful means for securing the safety of persons and property within the township."

*W. Roger Fronefield,* for appellee.—The township had no legal authority to pass the ordinance: Lower Merion Twp. v. Postal Tel., Etc., Co., 25 Pa. Superior Ct. 306.

Radnor Township v. Bell, 27 Pa. Superior Ct. 1, relied upon by the appellant, refers to the physical protection of persons and property and is not an authority that it refers to health protection.

The township is not a municipal corporation: Dempster v. United Traction Co., 205 Pa. 70; Stowe Twp. Division, 23 Pa. Superior Ct. 285; Lower Merion Twp v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306; Shoe v. Nether, Etc., Twp., 3 Pa. Superior Ct. 137; Smith v. Cheltenham Twp., 35 Pa. Superior Ct. 507.

The ordinance is a trade and not a police regulation; and is invalid: Sayre Borough v. Phillips, 148 Pa. 482.

OPINION BY TREXLER, J., July 21, 1915:

The defendant was convicted of the violation of an ordinance of the township of Haverford, a township of the first class.  The portion of the ordinance setting forth the offense complained of, reads, "No person or persons, firm or corporation engaged in the hauling or removal of garbage or offal shall feed or permit the same to be fed to animals within the limits of this township, nor shall any other person or persons, firm or corporation feed or permit such garbage or offal so hauled or removed to be fed to animals within the limits of this township; provided, however, that the Board of Health may, in its discretion, issue a license or licenses, revocable at any time on 30 days' notice, permitting any person or persons, firm or corporation to feed garbage collected within the territorial limits of this township to animals within the limits of the township at such place or places, and under such conditions as the Board of Health may from time to time prescribe." It is admitted that the defendant violated the ordinance.  The conviction was set aside, the lower court holding that

the township had no power to pass the ordinance. Has the legislature conferred on the township the power?

The Act of April 28, 1899, P. L. 106, Section 7, provides, "All the corporate power, authority and franchise of the townships shall be vested in and exercised by the Board of Township Commissioners; and the said board shall have particularly the following powers: "To make the regulations respecting pig pens, slaughter houses, manure pits, drains, cesspools and manufacturies that are offensive, to abate nuisances prejudicial to public health and safety, and to collect the cost of such abatement from any person who may be responsible for having created the nuisance. Also to prohibit and regulate the running at large of animals. To adopt by-laws and ordinances prescribing the manner in which the above powers shall be carried out and generally regulating the affairs of the township within the powers hereby conferred." The fifth article provides, "To establish and maintain a night watch and police force, and to define the duties of the same, to provide for the erection and purchase of a lockup or watch-house for the detention and confinement of vagrants and persons duly arrested until they can be taken before a magistrate for hearing and committed to prison or discharged. To arrest and confine, or to set to work on the roads or elsewhere all vagrants found in said township, and generally to take all needful means for securing the safety of persons and property within the township."

There is nothing in the above quoted portions of the act which covers the case before us. It is argued that the words "to take all needful means of securing the safety of persons and property within the township," are broad enough to cover the ordinance, but the context shows, as the learned judge of the lower court states, that they relate to the physical protection of persons and property and not to the preservation of the public health. Such power to preserve the public health is conferred by the Act of May 29, 1907, P. L. 302, in the

following words, "to make such regulations as they shall deem necessary for the preservation of the public health," but the powers are conferred on the boards of health of first-class townships and not on the commissioners.   We do not think that any express legislative authority for the passage of the ordinance under the terms of which defendant was convicted can be found in any act relating to first-class townships.

The learned counsel of the township, however, contends that a first-class township is a municipal corporation with legislative powers and as such enjoys the police power as an inherent attribute and has the authority therefore to pass an ordinance such as the one in question.

We are not disposed to go into a discussion as to terms, or to inquire whether or not a first-class township may be embraced under some one, or more of the definitions of a municipal corporation as found' in the various authorities from which appellant's counsel has quoted. Both of our appellate courts have taken the position that the powers of first-class townships are only such as are conferred by express enactment.   In Dempster v. United Traction Co., 205 Pa. 70, Justice DEAN said, "The act of classification does not attempt to create a hybrid borough, neither township nor borough; it obviously intends to preserve the old township organization with all its powers and duties except where it expressly enacts otherwise.   The powers which such township ought to possess but which it did not have under the old organization are particularly specified.   However often the maxim 'Expressio unius exclusio est alterius' has been misapplied, it is in point here."   "Townships of the first class are nothing more than a township with some change in the form of government and with some additional specified powers.   They are not municipal corporations": St. David's Church v. Sayen, 244 Pa. 300.   "The act itself (Act of April 28, 1889, P. L. 104) is explicit upon that subject declaring that except as far as

modified by its provisions all existing laws relating to townships shall continue in force until changed, modified or repealed as to either class of townships by legislation relating expressly thereto. It is obvious that townships' commissioners have no powers but what are expressly granted them and such implied powers as are necessary to the proper performance of their duties under their expressly granted powers and the accomplishment of the objects for which they are conferred": RICE, P. J., in Lower Merion Twp. v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306; see also Stowe Township Division, 23 Pa. Superior Ct. 285; In re Millbourne Boro., 46 Pa. Superior Ct. 19; Smith v. Cheltenham Twp., 35 Pa. Superior Ct. 507.

However much it may be argued that the above cases do not involve the precise issue which is now before us, they nevertheless plainly show that the courts have construed the laws applying to first-class townships as merely conferring certain powers upon such townships in addition to those already conferred upon townships generally and that to sustain the exercise of any power by first-class townships some legislative authority must be shown. As was said by the learned judge of the court below: "The old government of townships continues as to townships of the first class, changed only in respect to certain express powers conferred upon the township commissioners, and among these powers we do not find any power to legislate generally with respect to the police power, or to legislate specially with reference to the collection and disposal of garbage."

Judgment affirmed.