## John A. Philliber *v.* Nathan G. Edelblute, Appellant.

*Master and servant—Services—Evidence.*

In an action by an employee against his employer to recover for services rendered, the Supreme Court will not reverse a verdict and judgment for plaintiff, where it appears that defendant agreed to pay plaintiff what he could afford, and there was no real dispute about the facts or the character of the services, and there is evidence, although contradicted, that the business was profitable, and that defendant could afford to pay the amount claimed by the plaintiff, and the evidence was correctly submitted to the jury.

Argued Oct. 25, 1898. Appeal, No. 24, Oct. T., 1898, by defendant, from judgment of C. P. Jefferson Co., Sept. T., 1895, No. 284, on verdict for plaintiff. Before McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover for services rendered. Before REED, P. J.

The facts appear by the charge of the court which was as follows:

[The apparent indisposition of the parties to this action to define or state the substantial issues between them has made it rather difficult for us to ascertain just what they were contending about, and during much of the progress of the trial it seemed to us that we had a case without an issue. We are not certain now that we fully understand the various contentions of the parties, but will state them to you as we believe them to be, from the pleadings and evidence in the cause. The plaintiff claims a verdict at your hands for the sum of $1,493.76, with interest from June 10, 1895, to September 10, 1897, making a total of $1,695.17. His claim, as set out in the pleadings, shows a balance due him of $2,808.18, with interest from June 10, 1895. This amount is made up of three several items, namely: 1. Services rendered the defendant, in the management of his meat business conducted at Horatio, for a period of fifty-six months and sixteen days, at $60.00 per month, $3,392.50. This seems to be an excess charge of fifty cents, according to the time and amount per month claimed as wages. The time claimed in plaintiff's statement, as now presented, is for fifty-six months and ten days, making the claim for services, $3,380. The second item is for cash and other things furnished by him to the defendant, $1,267.87. The defendant admits the correctness of this last mentioned sum, and states it to be $1,279.70, instead of the amount claimed by the plaintiff. The third item is for use of his horse, harness and buggy in the defendant's business, including a small item of feed furnished by him, amounting to $12.00, the total sum being $896, making his total claim, according to the statement of demand filed in the case, $5,556.37, against which he admits a credit of $2,748.19, leaving a balance due him of $2,808.18, as stated, or if his statement is corrected by adding the difference between the second item mentioned, and the amount as stated and admitted by defendant, but deducting the apparent error of fifty cents in the first item, it would make the balance claimed by him, $2,819.51, with interest from June 10, 1895. There is an item of $842.08, being an account run by the plaintiff at the Eureka Supply Company store, and paid by defendant, and for which no credit has been allowed defendant by plaintiff, in the account as stated by him. Under the evidence, we think there can be no serious controversy about defendant being entitled to a credit for the amount so paid, and

deducting this from the balance claimed by the plaintiff, would leave the actual balance, as we believe it should be stated, $1,977.43, with interest thereon from June 10, 1895. The controverted items in that balance, as we understand, are: 1. The plaintiff's claim for wages at $60.00 per month. The defendant claims that plaintiff was only in his employ about fifty-five months, and that the wages were to be $50.00 per month. This would make a difference of one month and sixteen days in the time, and of $10.00 per month in the monthly wages to be paid, or in dollars and cents, it would make a difference of $642, and accordingly as you find on this disputed question, the balance claimed by plaintiff, as stated, would or would not be affected thereby. If you find that plaintiff was employed for the length of time claimed by him, and that he was entitled to wages, during that time, the amount claimed, $60.00 per month, then the balance as stated would not be affected, but if you find that the time and amount of wages were as claimed by defendant, then that balance would have to be reduced $642, which would bring it from $1,977.43 down to $1,335.43. In reference to this controversy, we need only say that plaintiff contends his contract of hiring was that the defendant was to pay him all he could afford to pay, that the business was profitable, netting defendant from $140 to $250 per month, that his services in the business were reasonably worth $60.00 per month, and that in view of the profits made or realized by defendant, he could well afford to pay him that amount. The defendant, replying to this contention, denies that any such contract was made, and furthermore, that if it was, he could not afford to pay plaintiff $60.00 per month, in view of what he had invested in the business and the amount made out of it. You heard the testimony of the witnesses called for and against this contention of plaintiff, and we will not attempt to restate it lest we might state it inaccurately, or omit to state it fully. You will recall it for yourselves, and determine this controversy according to the best of your judgment as to which of these parties, under the evidence, has the better right to your verdict on this question. The next controverted item is in reference to the use of the plaintiff's rig in the defendant's business, and what plaintiff should receive, if anything, for the use of the same. The plaintiff includes in his statement of demand filed, as we have already stated, a

claim for this amounting to $896. In arriving at this sum, he claims that his rig was in use ninety-six days each year the first two years, sixty-four days the third year, ninety-six days the fourth year, and ninety days the fifth year, making in all four hundred and forty-two days in the five years, which at $2.00 per day, would amount to $884, then he charges $12.00 for feed furnished his horse, forty-eight days at twenty-five cents per day, making the claim of $896 for use of rig. If the plaintiff is entitled to recover for this item in his statement, its correctness as to the amount depends upon the evidence as to the number of days the plaintiff's rig was in use. He testifies that it was used from seventy-five to one hundred days each year. He kept no accurate account, and he is, therefore, compelled to make an estimate as to the number of days the rig was in use. If, under such circumstances, the jury should take the less number of days given by the plaintiff, namely, seventy-five days each year, he could not have very much ground for complaint. When a man makes a charge and seeks to recover, he should be able to state it accurately so that there would be no guesswork about it. If the rig was in use seventy-five days, then the total number of days would be three hundred and seventy-five, which at $2.00 per day would be $750, adding the $12.00 for feed, would make this item of claim $762, instead of $896, as set out in his statement of demand. Again, the plaintiff makes no allowance or deduction from this item of claim for the feed and care of his horse during the time stated. He testified that the rig was worth $2.00 per day without feed; also that his horse was fed at the expense of defendant. We do not recall whether the horse was fed by defendant during the entire time plaintiff was in his employ or not. You will recollect how that was. You will also recollect what the witnesses said as to what it was worth per month to keep a horse. The price as stated, we believe, ranged from $8.00 to $15.00 per month; that would be from $96.00 to $180 per year, and four years it would be from $384 to $720 in the aggregate. Hence you will see that the plaintiff's claim of $896 for use of rig, in any event, is subject to a greater or less reduction according as you may determine the number of days it was in use, and what the keep of the horse would be worth. Again, whether he is entitled to recover anything depends upon what you may find with reference to whether,

under all the evidence in the case, he is entitled to recover for the use of his rig. If the plaintiff had charge of defendant's business, with authority to employ hands, buy cattle and do whatever was necessary in the conduct of that business, and it was necessary to have a rig in the conduct of the business, and the plaintiff, acting in good faith, furnished such rig, then he would be entitled to recover for its use whatever you may find from the evidence that it was reasonably worth. If the defendant, however, had horses there to be used in the business, thereby removing any necessity for the use of the plaintiff's rig, and the plaintiff, notwithstanding, made use of his own rig, then plaintiff could not recover for such use of his rig. You heard the testimony bearing on this controverted question in the case, and we leave you to apply it under the instruction just given. If you find for defendant on this question, then the entire item of $896 should be deducted from the balance of $1,977.43, to which we called your attention. If you find that plaintiff is entitled to recover for use of his rig, then whatever difference there is between the amount you may find he is entitled to recover and the sum claimed, namely, $896, should, in any event, be deducted from the balance stated, and there should also be deducted from that balance the difference in wages, $642, if you find for the defendant on that question. This difference in wages and the claim for use of rig aggregate $1,538, which if deducted from the balance of $1,977.43 claimed by plaintiff, would still leave a balance of $439.43 due plaintiff. But the defendant says that he is entitled to about $800 for keeping plaintiff's horse, and therefore that plaintiff is indebted to him between three and four hundred dollars.

Now, gentlemen, this is a somewhat mixed-up matter, and we do not know whether we have made it very clear to you or not. There is very little law in the case ; it is principally one of fact, and we cannot aid you very much in reaching a conclusion, but will repeat that the controverted questions are :

· 1. What was the contract about the payment of plaintiff's wages, and what sum per month is he entitled to recover? He being in defendant's employ from fifty-four to fifty-six and one half months, according as you find the facts.

2. Is the plaintiff entitled to recover for use of his rig? If so, how much?

3. Is the defendant entitled to a credit for keeping plaintiff's horse ? If so, how much?

Outside of these controverted questions, it is admitted that plaintiff furnished money and property to defendant to amount of $1.179.70. This should be added to his claim for wages and rig hire, if he is entitled to anything for the rig hire, in making up his total claim; then as against this there is an admitted credit of $2,748.19, and also payment of that store account $842.08, making the total credits, $3,590.27. Strictly speaking the $842.08 store account, is not admitted, but we think, under the evidence, there can be no controversy about it, and that it should be allowed as a credit to defendant.] [5]

Defendant's point and the answer thereto among others were as follows :

5. The plaintiff's evidence failing to show what the profits of the business were during the time for which the services are claimed, at the Horatio shop, there is no evidence to support the plaintiff's theory of this case. *Answer :* Refused. [6]

Verdict and judgment for plaintiff for $1,185.85. Defendant appealed.

*Errors assigned* among others were (5, 6) above instructions, quoting them.

*H. Clay Campbell,* for appellant, cited in his printed brief: Hentz v. Penna. Co. for Ins. on Lives, 134 Pa. 343 ; Reber v. Herring, 115 Pa. 599 ; Frazier v. Monroe, 72 Pa. 166 ; Nelson v. Von Bonnhorst, 29 Pa. 352 ; Reeves v. R. R., 30 Pa. 454 ; Garrett v. Gonter, 42 Pa. 143 ; Leibig v. Steiner, 94 Pa. 466 ; Price v. Hamscher, 174 Pa. 73

*R. C. Winslow, J. E. Calderwood* and *Charles Corbet,* for appellee, were not heard, but cited in their printed brief: Wood's Law of Master and Servant, sec. 100 ; Mattocks v. Lyman, 16 Vt. 119 ; Bryant v. Flight, 5 M. & W. 114 ; Hamilton v. Hastings, 172 Pa. 317 ; Keeler Co. v. Schott, 1 Pa. Superior Ct. 458 ; Miller v. Cuddy, 43 Mich. 273.

PER CURIAM, November 7, 1898 :

This was an action brought to recover the value of services rendered by the plaintiff to the defendant. There was no real

dispute about the fact or the character of the services. The controversy was over the amount that was due. It was a pure question of fact and necessarily was submitted to the jury. The charge was fair, impartial and correct in every legal sense. Several of the assignments relate to offers of testimony. They were all correctly disposed of by the court. The fifth assignment is to the whole charge, and cannot be sustained in any point of view, and the sixth requests a binding instruction against the plaintiff's right of recovery, which of course cannot be sustained. The assignments are all dismissed.

Judgment affirmed.