# Norwegian Township.

1. In a proceeding under the Act of 15th April, 1834, to alter the lines of a township and to annex a part of it to another township, *notice* of the proceeding should be given to the township to which part of the territory was proposed to be added; and where the record does not show that notice was given, it will not be presumed.

2. Though the commissioners appointed on such an application have failed to report *as to the propriety* of the change, but have reported in favor of an alteration described, this Court will not reverse on account of such an exception applying merely to the form of the report, unless it appear to have been distinctly made in the Court below, and there ruled as a matter of law.

[Norwegian Township.]

CERTIORARI to the Quarter Sessions of *Schuylkill county*.

On 20th March, 1849, a petition was presented to the Quarter Sessions, asking to have a strip of ground, marked in a diagram accompanying the petition, separated from the township of Norwegian, and annexed to the township of East Norwegian. Commissioners were appointed, who reported that in their opinion "the prayer of the petitioners should be granted." Exceptions to the report were filed on the 19th June, 1849. These proceedings were undetermined.

On 25th July, 1849, at an adjourned Court, another petition was presented in relation to the same territory, and asking that a portion of it marked A should be annexed to the township of *East Norwegian*, and a portion marked B to the township of *North Manheim*. Commissioners were appointed, who, at September Sessions, 1849, reported that they were "of the opinion that a division of the said territory, and an annexation of the two portions," &c., "substantially as prayed for" "would be advantageous to those inhabiting said territory." The division was described by courses and distances, and a plot was annexed.

On September 13, 1849, this last report was confirmed *nisi*, and on 23d December, 1849, it was confirmed absolutely. It was alleged that in this last-mentioned proceeding, no order of Court was made directing notice *to North Manheim township*, and that there was no rule of Court in Schuylkill county upon the subject of notice in such cases, and no notice was, in fact, given to the supervisors, nor to the inhabitants of North Manheim township. That in January, 1850, the supervisors of the township of North Manheim were required to open a newly laid out and expensive road in the said territory immediately preceding the application to annex the territory in question to North Manheim township.

On 13th March, 1850, being at the next sessions after the final confirmation of the report of the commissioners, a petition to the sessions was presented, stating that *no notice* was given to the said township of North Manheim of the said proceedings, and asking the Court for a rule to show cause why said confirmation of the report of the commissioners annexing the said territory to North Manheim township should not be set aside. The rule was granted, and on 27th July, 1852, the rule was discharged, "because the report was confirmed absolutely at December Sessions, 1849, by a special adjudication made at that time on the subject, and the present application was too late."

Error was assigned to the entertaining the proceeding to attach part of the territory to East Norwegian and part to *North Manheim*, pending the proceeding to attach it to East Norwegian township.

2. That no notice of the proceeding was directed to be given, or

2 E

was in fact given to the township of North Manheim, which was to be affected by it. It was alleged that it must appear affirmatively that notice was in fact given. That notice is required by a principle of natural justice: 1 *Barr* 97.

3. The commissioners do not decide on the propriety of granting the prayer of the petitioners, but only that in their opinion it would benefit the persons residing in the territories proposed to be taken from Norwegian township. The commissioners are bound to give their opinion of the propriety of granting the prayer of the petitioners: *Act of* 1834; *Purdon* 211; case of Macungie Township, Lehigh county, 14 *Ser. & R.* 68.

*Bannan*, for township of North Manheim.

*Hughes* and *Campbell*, for Norwegian and East Norwegian townships.—It was contended that the Court properly entertained both proceedings at the same time. That an order in one of them disposed of both.

2. Although neither the Act of 15th April, 1834, nor the rules of Court, direct notice to be given, yet it is not to be presumed that notice was not given: 2 *Bin.* 250.

3. The commissioners were appointed "to inquire into the propriety" of altering the lines of the township, and their report that the division of the territory, as described, "would be advantageous to those inhabiting said territory," was a substantial compliance with the Act. In the case in Macungie Township, 14 *Ser. & R.* 67, the commissioners did not report that, in the language of the Act, they had inquired "into the propriety of granting the prayer of the petition," but reported a division.

The opinion of the Court was delivered by

BLACK, C. J.—In the cases of Macungie Township (14 *Ser. & R.* 67), and Bethel Township (1 *Barr* 97), it was held that where the commissioners, in a case like this, fail to report on the propriety of erecting or changing the township, the omission is fatal. In the latter case, it is declared to be a principle of natural justice that notice should be given to the inhabitants. The objections here are, that no notice was given, and that, though the commissioners have expressed an opinion that the annexation prayed for would be an advantage to the inhabitants, they do not say it would be proper to make it.

We presume everything we can in favor of proceedings like these. We do all that in us lies to discourage the attempts which dissatisfied parties make to be heard over again, after the commissioners and the Court of Quarter Sessions have decided against them on the merits. If, therefore, notice had been given in this case to the inhabitants of the township, we would not have listened to the

[Norwegian Township.]

other exception, which goes to the form of the report, unless it had appeared that it was distinctly made in the Court below, and there ruled as a matter of law.   At first, I was of opinion that the maxim "*Omnia presumuntur rite esse acta*" would apply, and that we ought to take it for granted that there was notice.   But, on further reflection, I find nothing in the record to justify it. The other judges being of the same opinion, we are compelled to say, that these proceedings must be quashed.

Order reversed and proceedings quashed.