# Geiger's Estate.

*Judgment note—Presumption of payment—Question and quality of necessary rebutting proof.*

After twenty years the presumption of payment of an obligation under seal, strengthens with each succeeding year and after thirty years the presumption ought not to be overcome by anything but clear proof.

Liability upon a judgment note will not be enforced after thirty-one years against an estate of a decedent maker, where the evidence is elusive, indefinite and unconvincing.

Argued May 14, 1900. Appeal, No. 76, April T., 1900, by Max Geiger et al., claimants, against the estate of Charles Geiger, deceased, from decree of O. C. Beaver Co., June T., 1899, No. 13, dismissing exceptions to auditor's report in distribution. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J.

Exceptions to auditor's report. Before WILSON, P. J.

The facts sufficiently appear in the opinion of the court.

The auditor awarded distribution to Mrs. Rachel Leutz in a note amounting to $754.09, thirty-two years from the making and thirty-one years from the date of payment. Exceptions to the auditor's report were dismissed by the court below and Max Geiger et al., appealed.

*Error assigned* was in awarding the sum of $754.09 to Rachel Leutz, executrix.

*A. P. Marshall*, with him *Charles R. Eckert*, for appellants. —The evidence to rebut the presumption of payment after twenty years must be satisfactory and convincing, especially when the suit is not brought until after the death of the debtor : Gregory v. Com., 121 Pa. 611 ; Kline v. Kline, 20 Pa. 503.

The testimony must be of a satisfactory and convincing character : Peters's Appeal, 106 Pa. 340 ; Sellers v. Holman, 20 Pa. 321.

Testimony showing the solvency of the estate sought to be charged and that no demand for payment was made upon it for over twenty years is such evidence as tends to support the presumption of payment : Van Loon v. Smith, 103 Pa. 238.

Claims against a dead man's estate which might have been made against himself while living are always subject to just suspicion : Mueller's Estate, 159 Pa. 590.

This legal presumption of payment is looked upon as so strong in some states as to give it the effect of a statute of limitations : Dickson v. Gourdin, 26 S. C. 391 ; Roberts v. Smith, 21 S. C. 455.

*David K. Cooper*, with him *Robert Ritchie*, for appellee.— An auditor's findings of fact, when approved by the court to which his report is made, is entitled to the same consideration by the Supreme Court as the verdict of a jury and will not be reversed except for palpable error : Lowry's Est., 6 Pa. Superior Ct. 143.

The auditor and the court below found as a fact that there were payments an account of interest paid on the note in question within the past four or five years. Unless there was palpable error in this finding of fact, the presumption of payment is certainly rebutted.

The presumption of payment in this case is rebutted and the delay in payment accounted for by the relationship of the parties, Peter Leutz was a brother-in-law of Charles Geiger. There is nothing unusual in the lax enforcement of payment of principal and interest between persons thus related: Runner's Appeal, 121 Pa. 649.

The inability of Charles Geiger to pay his debts, together with the near relationship, is another strong circumstance to rebut the presumption of payment. The deceased's real estate was sold for the payment of debts, under a decree of the orphans' court.

The estate of Charles Geiger pays only about fifty-three per cent of the claims which are not preferred. A number of claims of long standing were presented to the auditor.

These claims and circumstances show the inability of Charles Geiger to pay his debts, and that he did not pay promptly: Van Loon v. Smith, 103 Pa. 238.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

The judgment note given by the decedent, upon which award was made to the estate of Peter Leutz, was for $500, dated January 1, 1867, at one year. It was presented for payment at an audit of the account of the administrator of the estate of the decedent, February 8, 1899, thirty-two years from the making and thirty-one years from the date of payment.

The evidence to rebut the presumption of payment after this lapse of time must be satisfactory and convincing, particularly as no attempt was made to enforce payment until after the death of the maker of the obligation. After twenty years the presumption of payment strengthens with each succeeding year. The evidence successfully to rebut it must, with each succeeding year, be of greater strength, of greater convincing power: Gregory v. Commonwealth, 121 Pa. 611; Porter v. Nelson, 121 Pa. 628; Breneman's Appeal, 121 Pa. 641; Sellers v. Holman, 20 Pa. 321. In Peters's Appeal, 106 Pa. 340, it is said that after thirty years the presumption "ought not to be overcome by anything but clear proof." The auditor holds that, "it does not follow, however, that the proof must be as clear, distinct and unequivocal as that necessary to remove the bar of the statute of limitation, as will be seen by a comparison of

Runner's Appeal, 121 Pa. 649, with Landis v. Roth, 109 Pa. 621. If there was sufficient proof to repel the presumption of payment in the case first above cited, there certainly was sufficient clearness of proof to repel the presumption of payment of the judgment note given by Charles Geiger to Peter Leutz." The court below upon exceptions finds: " The said note was not paid, but there was a credit allowed of $45.00 for account of interest, paid within the last four or five years." Giving due effect to these findings by the auditor and by the court below, we are of opinion that error has been committed. The note is over thirty years old. It was payable to Peter Leutz, who demanded no payment on account of principal or interest while he lived. He died about 1886. The present claimant (his widow), was appointed to be one of the executors of his will. The note here in question was not inventoried as a part of his estate. It does not appear at all in the account of the executors, as adjudicated by the orphans' court. The Leutz estate was insolvent. The assets were sufficient to pay about thirty per cent of its debts. The nonproduction of the note is inadequately explained by the testimony of the present claimant. That testimony was excluded by the court below on the ground of interest. As no complaint is made of this ruling, her testimony is to be disregarded, although taken as a whole there is little in it which makes for the bona fides of the claim, or for the rebuttal of the legal presumption of payment. There is no evidence in the cause showing any demand for payment made upon the decedent in his life time. The note never was entered of record, although the decedent was the owner of real estate at the time of his death and for many years preceding. The testimony upon which the rebuttal of the presumption of payment is said to be founded is, (1) that the decedent and Peter Leutz were brothers-in-law. Leutz died insolvent without requiring payment from Geiger. The need for money thus shown detracts materially from the force of the argument that the laxity in enforcing payment was due to the relationship of the parties by marriage. (2) It is said that Geiger was unable to pay his debts in full, as shown by the settlement of his estate, and that this is excusatory of the delay in demanding payment of Geiger. There is evidence in the cause indicating that Geiger was insolvent, but mere insolvency will not rebut the presumption of

payment of a specialty arising from lapse of time: Kline v. Kline, 20 Pa. 503. There is other evidence showing that he was solvent. It is testified that he had real estate. Some of it was sold after his decease. The holder of a judgment note might postpone enforcing payment for a time, but his failure at least to secure the debt by entering up the judgment note, militates strongly against the continued life of the obligation during many years of inactive retention by an insolvent holder and to a time subsequent to the death of the maker. (3) The only basis upon which the court below puts the award is, that there was a payment " of $45.00 for account of interest paid within the last four or five years." The testimony on behalf of the claimant on this point is furnished by the daughters of Peter Leutz, deceased, the testimony of Elizabeth Fath being too indefinite to be regarded at all. These daughters were all born after the note was given. None of them ever saw the note. None testifies to any demand made for its payment. Their testimony is to indefinite declarations of intended payments and to three small payments amounting together to $45.00, which were said to have been made on account of interest. In view of the other facts in the case, the evidence of payments on account of interest is not convincing. The indirect interest of the witnesses; the character of the payments; the size of the payments; the late day at which they commenced; the long dormancy of the claim; its awakening when payment will benefit the claimant and presumably not the creditors of her husband's estate,—these are matters which must weigh heavily against the claim. We are of opinion that upon all the testimony in the case, the claim should not have been allowed.

It remains only to consider the position taken by the learned auditor. He holds this case to be stronger in its facts than those upon which Runner's Appeal, 121 Pa. 649, was decided. If the authority to which he pins his faith discloses facts materially stronger than those before us, his conclusion must fall. There, the notes upon which claim was made were twenty-one years and eight months old when presented at the audit. Here, the note is over thirty years old. There, the decedent just before his death sent for the notes and explicitly stated that he desired to "fix up these two notes. . . . He said he would pay," etc. Here, there is but a remote conditional promise alleged. Here,

the note referred to does not seem to have been seen or identified by any of the witnesses, nor was inspection demanded by the alleged debtor. The payments alleged to have been made on account of interest are in amount not calculable as a per centum ; and the indefinite conditional promises for the future were first made long after the presumption of payment had arisen and at a time when the interest had accumulated to an amount nearly double the face of the original obligation. In Runner's Appeal, supra, the parties were brother and sister. Here, they are relatives by marriage. There, no concealment of the notes from creditors of the holder took place. Here, the party now claiming was an executrix, who failed to treat or disclose the note as a living asset, either in the inventory or the accounting of the estate. There, the evidence is direct and persuasive. Here, it is elusive, indefinite and unconvincing. The differences are many and broad.

The decree is reversed and the record is remitted to the end that distribution may be made in accordance with the views herein expressed.