# Hummel *v.* Lilly.

*Judgment—Presumption of payment.*

After twenty years from the date of a judgment, the creditor is bound to show by something more than his bond that the debt has not been paid.

In a suit by an administrator to revive a judgment more than twenty years old, the presumption of payment is not rebutted by the testimony of the defendant on cross-examination to the effect that he confessed the judgment to the decedent more than twenty years before the date of the suit; that he thought that the judgment was paid when his real estate was sold by the sheriff; that the decedent and certain other of the lien creditors arranged to attend the sheriff's sale, and to bid up the defendant's property to cover the liens and thus secure their payment; that the defendant saw them at the sale; that from that time on payment of neither principal nor interest was demanded by the decedent, although he met the de-

fendant daily thereafter for a considerable period; that defendant was, after the sale of his real estate, a contractor for the construction of some large buildings, and at times had large balances in bank, and that he made no payment on account, nor promise to pay within twenty years.

Argued Dec. 6, 1900.   Appeal, No. 365, Jan. T., 1900, by plaintiff, from order of C. P. Northampton Co., July T., 1897, No. 45, refusing to take off nonsuit in case of James R. Hummel, administrator of Joseph Hummel, Deceased, v. William E. Lilly.   Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.   Affirmed.

Scire facias to revive judgment.   Before Schuyler, P. J.

At the trial it appeared that the judgment sought to be revived had been entered on June 1, 1876, in favor of Joseph Hummel on an unsealed judgment note bearing date May 31, 1876, for $600, payable eight months after date with interest.

The only witnesses called were the administrator, James R. Hummel, and William E. Lilly, who was called as for cross-examination.   The substance of defendant's cross-examination is sufficiently stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* among others was refusal to take off nonsuit.

*George W. Geiser*, for appellant.—It is a well established rule, that upon a motion for a nonsuit, the plaintiff is entitled to the benefit of every inference of fact which the jury might draw from the evidence, the defendant being considered as admitting every fact which the evidence tends to prove: Smyth v. Craig, 3 W. & S. 14; Bevan v. Ins. Co. of Penna., 9 W. & S. 188; Maynes v. Atwater, 88 Pa. 496; Miller v. Bealer, 100 Pa. 583; Hill v. The Nation Trust Co., 108 Pa. 1; McGrann v. Pittsburg & Lake Erie R. R. Co., 111 Pa. 171; Fisher v. Monongahela Ry. Co., 131 Pa. 292; Jacques v. Fourthman, 137 Pa. 428; Lerch v. Bard, 153 Pa. 573.

Judgments and all evidences of debt excepted out of the statute of limitations, are merely presumed to be paid after a lapse of twenty years.   This length of time does not operate as a positive bar, but simply as furnishing evidence that the

demand has been satisfied: Eby v. Eby, 5 Pa. 435; McQuesney v. Hiester, 33 Pa. 435; Reed v. Reed,. 46 Pa. 239; Beale v. Kirk, 84 Pa. 415; Peters's App., 106 Pa. 340; Hess v. Frankenfield, 106 Pa. 440; Lash v. Von Neida, 109 Pa. 297; Biddle v. Girard National Bank, 109 Pa. 349; Gregory v. Com., 121 Pa. 611; Philadelphia Trust Co. v. Phila. & Erie R. R. Co., 160 Pa. 590; Smith v. Shoenberger, 176 Pa. 95; Devereux's App., 184 Pa. 429.

*W. E. Doster,* with him *W. C. Loos,* for appellee.—There was no evidence to overcome the presumption of payment: Backestoss v. Com., 8 Watts, 288; Reed v. Reed, 46 Pa. 242; Gregory v. Com., 121 Pa. 611; Walls v. Walls, 170 Pa. 48; Hart v. Bucher, 182 Pa. 604; Hayes's App., 113 Pa. 380.

OPINION BY WILLIAM W. PORTER, J., February 14, 1901:

This suit is by an administrator upon a scire facias to revive a judgment. When the judgment was offered in evidence upon the trial it was found to have been entered June 1, 1876, upon a note dated May 31, 1876, payable eight months from date. Instantly arose the legal presumption of payment based on the lapse of time. Had the plaintiff stopped here, his right to recover would have been manifestly gone. He, therefore, called the defendant as for cross-examination and from him adduced certain facts. The defendant was not exact in the use he made of English terms, but his testimony showed that he gave a note to the father of the plaintiff (now suing as administrator) and that a judgment was entered on it in 1876; that he owned a piece of real estate of some value upon which the judgment was, with other incumbrances, a lien; that the witness thought the note was paid when the real estate was sold by the sheriff; that the plaintiff's decedent and certain other of the lien creditors arranged to attend the sheriff's sale and to bid up the defendant's property to cover the liens and thus secure their payment; that the defendant saw them at the sale; that from that time on payment of neither principal nor interest was demanded by the plaintiff's decedent, although he met the defendant daily thereafter for a considerable period; that the defendant was, after the sale of his real estate, a contractor for the construction of some large buildings in Bethlehem and at times had large bal-

ances in bank; that he made no payment on account nor promise to pay, within twenty years.

It seems quite unnecessary to review the many cases cited to us bearing upon the effect of the presumption of payment after twenty years. This very case was before the Supreme Court on a judgment sur rule for insufficient affidavit, 188 Pa. 463, and the authorities were many of them there noted and applied. The general rule may be again stated to be, that within twenty years the law presumes that the debt has remained unpaid, although the presumption of payment may arise and be applied within twenty years, if the lapse of time be supplemented by an exhibition of facts aiding the presumption of payment. "After twenty years the creditor is bound to show by something more than his bond that the debt has not been paid, and this he may do because the presumption raises only a prima facie case against him." The facts stated upon the trial differ in little from those set forth in the pleadings upon which the Supreme Court passed.

Nothing is shown in rebuttal of the presumption. The additional facts which do appear rather aid the presumption of payment. We are of opinion that no error was committed in entering the nonsuit and the judgment is therefore affirmed.