# Miller *v.* Overseers of the Poor of the City of Williamsport.

*Judgment—Presumption of payment—Evidence.*

After a lapse of twenty years mortgages, judgments and all debts, no matter how solemn the instrument evidencing them may be, are presumed to be paid, and such presumption stands until rebutted. It gathers strength as time advances, and after thirty years it cannot be overcome by anything but "clear proof."

A judgment against the overseers of a poor district standing on the docket of a justice of the peace for nearly thirty years, will be presumed to be paid, where the evidence to rebut the presumption is plaintiff's own testimony (1) that the debt had not been paid to him; (2) that seven years after the judgment was entered the justice presented to him his bill of costs, and he paid it as well as the constable's costs, and (3) that he made demands from time to time upon the overseers of the poor district, and while it did not appear that any of them prior to the last demand which was made seven years before proceedings to revive, unequivocally denied the debt or asserted that it had been paid, neither did it appear that any of them acknowledged it. It might have been paid to the justice.

Frequent and repeated demands made on an individual for payment of a debt met by no denial of liability, or allegation of payment are circumstances tending to corroborate a judgment creditor's allegation that the judgment has not been paid; but in the case of a claim against a public corporation, or a municipal division of the state governed by a board whose members are constantly changing, the same inference cannot be drawn.


Argued Feb. 14, 1901. Appeal, No. 13, Feb. T., 1901, by appellant, from order of C. P. Lycoming Co., Dec. T., 1898, No. 550, refusing to take off nonsuit in case of W. H. H. Miller v. The Overseers of the Poor of the City of Williamsport. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.


Scire facias to revive judgment standing on the docket of a justice of the peace.

Appeal from judgment of a justice of the peace on a scire facias.

At the trial it appeared that plaintiff, a practising physician, had recovered a judgment against the overseers of the poor of the city of Williamsport, on November 28, 1868, before an al-

derman. In August, 1898, he revived this judgment by scire facias. The defendant took an appeal from the judgment of revival, and at the trial rested upon the presumption of payment, and moved for a compulsory nonsuit, which was allowed. The evidence of the plaintiff given for the purpose of rebutting the presumption of payment is stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Otto G. Kaupp*, for appellant.—The evidence was sufficient to repel presumption of payment : Hummel v. Lilly, 188 Pa. 463 ; Devereux's Est., 184 Pa. 429 ; McQuesney v. Hiester, 33 Pa. 439 ; King v. Coulter, 2 Grant, 77 ; Stout v. Levan, 3 Pa. 235 ; Eby v. Eby, 5 Pa. 435 ; Morrison v. Funk, 23 Pa. 421.

*J. Clinton Hill*, with him *H. Russell Hill*, for appellee, cited : Biddle v. Girard Nat. Bank, 109 Pa. 355 ; Foulk v. Brown, 2 Watts, 209 ; Beale v. Kirk, 84 Pa. 415 ; Porter v. Nelson, 121 Pa. 631 ; Lash v. Von Neida, 109 Pa. 207 ; Hummel v. Lilly, 188 Pa. 467.

OPINION BY RICE, P. J., May 23, 1901 :

The plaintiff obtained judgment against the defendants before a justice of the peace in November, 1868, and in August, 1898, issue a scire facias thereon. The case came into the common pleas on appeal by the defendants from the judgment rendered by the justice on the sci. fa. On the trial in the common pleas the defendants offered no evidence, but, after the plaintiff rested, moved for a compulsory nonsuit, which was allowed. The refusal of the court to take off the nonsuit is the only ruling assigned as error.

After a lapse of twenty years mortgages, judgments and all debts, no matter how solemn the instrument evidencing them may be, are presumed to be paid. And such presumption stands until rebutted. It gathers strength as time advances, and after thirty years it cannot be overcome by anything but " clear proof : " Peters's Appeal, 106 Pa. 340 ; Geiger's Estate, 14 Pa. Superior Ct. 523, and cases there cited. In Gregory v. Commonwealth, 121 Pa. 611, where many of the authorities

are reviewed and the province of the court and jury is clearly defined, Mr. Justice CLARK said that, "as the presumption of payment after twenty years is a strong one (Kline v. Kline, 20 Pa. 503), the evidence to rebut it must be satisfactory and convincing: Peters's Appeal, 106 Pa. 340; Eby v. Eby, 5 Pa. 435; Sellers v. Holman, 20 Pa. 324; especially is this so when the suit is not brought until after the defendant's death; it must, according to the cases, carry conviction to the mind of the court, that if the facts alleged are true, the matters in issue are definitely and distinctly established." Another form in which the doctrine has been stated is as follows: "The statute of limitations is a bar whether the debt is paid or not. Not so where suit is brought on a sealed instrument. The fact of indebtedness is then in controversy, and the legal presumption of payment from lapse of time is nothing more than a transfer of the onus of proof from the debtor to the creditor. Within twenty years the law presumes the debt has remained unpaid, and throws the burden of proving payment on the debtor. After twenty years the creditor is bound to show, by something more than his bond, that the debt has not been paid, and this he may do because the presumption raises only a prima facie case against him:" Reed v. Reed, 46 Pa. 242. This is equally true where the debt is in judgment. The opinion of Mr. Justice DUNCAN, in Cope v. Humphreys, 14 S. & R. 15, contains an instructive discussion of this point.

We are called upon to apply these principles to a judgment standing on the docket of a justice of the peace for nearly thirty years against a solvent debtor. It was incumbent on the plaintiff to furnish "clear proof" that it had not been paid. In determining whether the proof furnished by him was sufficient to carry the case to the jury, the plaintiff's evidence must be taken to be true, and every reasonable inference of fact which a jury might draw must be drawn by us, because a motion for a nonsuit admits every fact which might have been fairly found from the evidence. What, then, were the facts established by the plaintiff, assuming, as we must, the truth of his testimony? First, the debt has not been paid to him. Second, seven years after the judgment was entered the justice presented to him his bill of costs and he paid them as well as the constable's costs. Third, he made demands from time to time upon overseers of

the poor district, and, whilst it does not appear that any of them, prior to the last demand, unequivocally denied the debt or asserted that it had been paid, neither does it appear that any of them acknowledged it.    The last of these demands was made at least seven years before the institution of the proceedings to revive the judgment, and at that time, according to the testimony of a witness called by him, he had distinct notice that collection of the claim would be contested.

The evidence as to the demands made by the plaintiff has not the same significance as if the judgment were against a private individual.    In the case supposed frequent and repeated demands for payment met by no denial of liability or allegation of payment would be a circumstance tending to corroborate the plaintiff's allegation.    But in the case of a claim against a public corporation, or a municipal division of the state governed by a board whose members are constantly changing, the same inferences cannot be drawn.    Speaking of this subject, Chief Justice BLACK said: "Those rules which give repose to society and forbid the assertion of stale claims, after the evidence of their discharge has been lost, are everywhere more highly appreciated by the courts now than they were once.    It has, however, not been decided in any case, ancient or modern, that a mere demand, without more, is enough to repel the presumption, and in one, at least (1 Ves. & Beam. 536), the contrary was held.    In this state we have never had occasion to determine it.    It is a new point here, with the English authorities rather against the plaintiff than for him, while the arguments on principles and policies are altogether in favor of the defendant:" Sellers v. Holman, 20 Pa. 321.    The rule of presumption, when traced to its foundation, is a rule of convenience and policy, the result of necessary regard to the peace and security of society.    No person ought to be permitted to lie by, whilst transactions can be fairly investigated and justly determined, until time has involved them in uncertainty and obscurity, and then ask for an inquiry.    Justice cannot be satisfactorily done when parties and witnesses are dead, vouchers lost or thrown away, and a new generation has appeared on the stage of life, unacquainted with the affairs of the past age, and often regardless of them.    Papers which our predecessors have carefully preserved are often thrown aside or scattered as use-

less by their successors:" Foulk v. Brown, 2 Watts, 209.   These remarks are peculiarly pertinent in a case where an inference of nonpayment of a stale claim is sought to be drawn from demands made on a township supervisor or an overseer of the poor, who may be, and probably is, ignorant of what has been done by his predecessors in office.

We fail to see that the fact that the plaintiff paid the justice's and constable's costs is of any significance, especially as the payment was more than twenty years before the institution of the proceedings to revive the judgment.

We come then to the plaintiff's testimony that the debt had not been paid to him.   The "presumption of payment" is, that the debt has in some lawful manner been paid or otherwise discharged or extinguished.   The law does not cast on the debtor the burden of raising a presumption that this has been accomplished in any particular manner.   The law goes on the theory that after such great lapse of time the debtor may have, and probably has, forgotten the manner in which it was discharged or extinguished, or lost the evidence by which the fact could be established.   If death has intervened, or, as in the case of a township or a poor district, frequent and repeated changes in the governing body have taken place, the difficulty of meeting evidence to the effect that the debt has not been paid in a particular way by countervailing proof is greatly increased, and in numberless instances becomes an impossibility.   The law casts on a poor district no such burden; on the contrary, the presumption stands until completely rebutted, which cannot be done "except by evidence which will create a natural presumption at least equally strong:" Sellers v. Holman, supra.   We hold, then, that the plaintiff's testimony that the judgment had not been paid to him, standing alone, would not completely overthrow the presumption.   It might have been paid to the justice; and indeed it is not too much to say that this is the most common way of discharging such debts.   See Act of March 20, 1810, 5 Sm. L. 167, sec. 11.   We, of course, do not intimate that there is any express evidence that it was so paid; we are simply showing that the fact testified to by the plaintiff would not of itself completely rebut the presumption that the debt had been discharged by the poor district in a legal manner.   The principle involved in this ruling was recognized in Hummel v.

164     MILLER *v.* OVERSEERS OF THE POOR.

Opinion of the Court—Dissenting Opinion. [17 Pa. Superior Ct.

Lilly, 188 Pa. 463, and by this court when the same case subsequently came before us : 16 Pa. Superior Ct. 327. Speaking of the application of the principles under consideration to judgments, Mr. Justice DUNCAN used language which may be pertinently quoted here. " The policy and justice from whence the presumption arises are particularly applicable to judgments. We all know how often it occurs, that judgments remain without any entry of satisfaction, after the debt has been paid ; this frequent occurrence has called for legislative interference, with respect to the lien of judgments, limiting them to five years. This consideration recommends the adoption of the presumption as to judgments ; for I am satisfied there are more cases of neglect to enter satisfaction, when paid, than to cancel a bond when paid : " Cope v. Humphreys, supra.

Upon a careful consideration of all the facts which a jury would have been warranted in finding from the evidence adduced by the plaintiff, we conclude that they do not constitute that " satisfactory and convincing evidence," that " clear proof," which is required to overcome the presumption that a claim as ancient as this against a solvent defendant has been paid or extinguished in a lawful manner.

Judgment affirmed.


WILLIAM W. PORTER, J., dissenting:

To affirm the judgment in this case would be to carry the doctrine of presumption of payment far beyond any application yet given to it by the reported precedents so far as they are known to me. It would be to give it the effect of a statute of limitations. In this case the judgment was more than thirty years old and both the plaintiff and the defendant were persons in being at the time of the trial. The burden was upon the plaintiff to show nonpayment by clear proof. He testified positively, clearly and without contradiction of any kind and without doubt being thrown upon his veracity that the judgment had not been paid at the time of trial. He says in the examination in chief : " No part or parcel of it has been paid." Again : " Q. Do you swear positively, without any equivocations, that this claim was never paid to you or to any agent or attorney for you ? A. Yes, sir. Q. You are sure of that ? A. Yes, very sure." This testimony is supplemented by showing de-

mand made from time to time on the defendants.    The court below nonsuited the plaintiff on the ground that the presumption of payment was stronger than his positive testimony.    I cannot concur in this application of the doctrine.