## Ash's Estate.

*Evidence—Presumption of payment—Statute of limitations.*

When the commonwealth comes into its courts, it is subject like all other suitors to the established rules of evidence. It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order under the regular rules of procedure. In all such respects it stands upon the same footing as ordinary litigants.

While a statute of limitation cannot be pleaded against the commonwealth, the presumption of payment from the lapse of time being simply a rule of evidence affecting the burden of proof, applies to it.

Argued Jan. 23, 1902. Appeal, No. 241, Jan. T., 1902, by Commonwealth, from decree of C. P. No. 3, Phila. Co., March T., 1893, No. 590, dismissing exceptions to auditor's report in Estate of Penrose Ash. Before McCOLLUM, C. J. MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of Ulysses S. Koons, Esq., auditor.

From the record it appeared that Penrose Ash was treasurer of Philadelphia county from 1845 to 1848, and as such was charged with the collection of certain taxes for the commonwealth. When he left office he was indebted to the commonwealth in a large sum of money. In 1850, Ash conveyed to a trustee certain lands in Passyunk township in trust to sell the lands, and apply the proceeds to the payment of the debt of the commonwealth. Some of these lands were sold in 1855, and the proceeds paid to the commonwealth. In 1895, the substituted trustee received a large sum of money from the city of Philadelphia, when the remainder of the lands were taken for League Island Park. This fund was claimed in part with the commonwealth, and by Eliza Daley, administratrix of Ash.

The auditor found the following facts and conclusions of law:

1. That by agreement between the commonwealth and Penrose Ash, interest on his indebtedness ceased on June 3, 1850.

2. That in February, 1855, the balance alleged to be due the commonwealth was liquidated at the sum of $38,082.40, for which amount judgment was entered March 7, 1855.

3. That on July 13, 1855, the commonwealth received from the trust estate of Penrose Ash the sum of $24,000, on account of the aforesaid judgment.

4. That in July, 1855, the commonwealth received an additional sum of $10,708.48, on account of the aforesaid judgment, from the estate of Rebecca Ash, deceased, one of the sureties on Penrose Ash's bond to the commonwealth.

The auditor finds the following conclusions of law:

1. That the burden of proof is on the exceptant to show that the aforesaid judgment has not been paid.

2. That the presumption of payment runs either from the date of the entry of said judgment or from the dates of the payments in July, 1855.

3. That this presumption of payment applies to the execution of the trust in the deed of June 3, 1850, to Eli K. Price, to pay Penrose Ash's indebtedness to the commonwealth.

4. That the exceptant has not produced testimony sufficient to rebut the presumption of payment of the commonwealth's claim.

Exceptions to the auditor's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*James F. Campbell*, for appellant.—There is no such principle as a "rebuttable presumption of payment by lapse of time" as against the commonwealth: Com. v. Hutchinson, 10 Pa. 467 ; Johnston v. Irwin, 3 S. & R. 292 ; Bagley v. Wallace, 16 S. & R. 245 ; U. S. v. Thompson, 98 U. S. 486 ; Stoughton v. Baker, 4 Mass. 522 ; U. S. v. Hoar, 2 Mason, 311 ; U. S. v. Nashville, etc., Ry. Co., 118 U. S. 120 ; 6 Sup. Ct. Repr. 1006 ; U. S. v. Spiel, 8 Fed. Repr. 143 ; Finn v. U. S., 123 U. S. 227 ; 8 Sup. Ct. Repr. 82 ; U. S. v. Williams, 4 McLean, 567 ; U. S. v. Kirkpatrick, 9 Wheaton, 720.

*A. T. Freedley*, with him *William Brooke Rawle*, for appellee.—An obligation forty-five years old, by whomsoever held, is not evidence of an indebtedness without some additional affirmative proof that the indebtedness still remains due : Miller v. Williamsport Overseers, 17 Pa. Superior Ct. 159.

No one claims the commonwealth is barred by any statute of limitations or any lapse of time. All the cases cited by the exceptant are cases of the application of the statute of limitations. But the present case is simply one of presumption of payment: Stewart's Estate, 147 Pa. 383; Gregory v. Com., 121 Pa. 621; U. S. v. Thompson, 98 U. S. 486 ; Com. v. Hutchinson, 10 Pa. 466; U. S. v. Hoar, 2 Mason, 313; Com. v. Baldwin, 1 Watts, 54; U. S. v. Beebe, 127 U. S. 344; 8 Sup. Ct. Repr. 1083; U. S. v. Williams, 4 McLean, 567; People v. Supervisors of Columbia County, 10 Wendell, 364; Trickett on Limitations, 490 ; Woodburn v. Farmers' & Mechanics' Bank, 5 W. & S. 447.

OPINION BY MR. JUSTICE MITCHELL, May 5, 1902:

When the commonwealth comes into its courts, it is subject like all other suitors to the established rules of evidence. It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order under the regular rules of procedure. In all such respects it stands upon the same footing as ordinary litigants. Statutes of limitation do not apply to it, because the maxim nullum tempus occurrit regi though probably in its origin a part of royal prerogative has been adopted in our jurisprudence as a matter of important public policy. But rules of evidence and legal presumptions are not changed for or against the state as a suitor. A statute of limitation is a legislative bar to the right of action, but the presumption of payment from the lapse of time is not a bar at all but simply a rule of evidence, affecting the burden of proof : Miller v. Williamsport Overseers, 17 Pa. Superior Ct. 159. It is of equitable origin, founded on experience of the ordinary course of business and human affairs, and adopted by the law in the interests of repose and the ending of litigation. There is no good reason why it should not apply to the commonwealth just as other legal rules and presumptions do. And so it has been ruled.

In Stewart's Est., 147 Pa. 383, it was held that after forty-two years, a collateral inheritance tax will be presumed to be paid.

The auditor in the present case applied the presumption of payment to the claim of the commonwealth, and found that there was not sufficient evidence to overcome the presumption. This was correct on principle, and we see no good ground to doubt his conclusion on the facts. In this view the other matters argued as error become immaterial.

Judgment affirmed.