# Second National Bank of Titusville, Appellant, *v.* Thompson.

*Banks and banking—Deposits—Statute of limitations.*

1. The engagement of a bank with its depositor is not to pay absolutely and immediately, but only when payment shall be requested or demanded at the banking house.   Until such demand is made the statute of limitations does not begin to run in favor of the bank and against the depositor.   The fact that the depositor has had the account in the deposit book balanced does not affect the applicability of the rule.

*Banks and banking—Two accounts by the same depositor—Account stated.*

2. Where a depositor of a bank opens a second and separate account for which she receives a new deposit book and the depositor is not required to surrender the old book, and afterwards she ceases to draw on the old account and only uses the new account, a subsequent balancing of the new account and return of the vouchers, without anything to indicate that the new account was a continuation of the old one, has not the effect of an account stated as against a balance due upon the old account.

*Banks and banking—Deposit—Presumption of payment—Evidence.*

3. In an action against a bank to recover a balance, a presumption of payment after twenty years is rebutted by the positive and uncontradicted testimony of the depositor that the balance claimed had never been paid by the bank or any part of it drawn out by the depositor.   In such a case the case is for the jury to pass upon the credibility of the testimony of the depositor.

4. The presumption which the law raises after a lapse of twenty years is in its nature essentially different from the bar interposed by the statute of limitations to the recovery of a simple contract debt.   The latter is a prohibition of the action; the former prima facie of obliteration of the debt.   The presumption is equal to direct proof of payment, and it will prevail until overcome by direct proof of nonpayment, or the proof of facts and circumstances from which nonpayment may be clearly inferred.

Argued April 12, 1910.   Appeal, No. 178, April T., 1910, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1909, No. 55, on verdict for defendant in case

of Second National Bank of Titusville v. E. K. Thompson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover money alleged to have been paid by mistake to the paying teller of a bank. Before PRATHER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* amongst others was in refusing binding instructions for plaintiff.

*Samuel Grumbine* and *Frank J. Thomas,* for appellant.—It has been decided many times in Pennsylvania that the rule as to the presumption of payment arises upon all kinds of indebtedness whether upon specialty or otherwise, and has been applied to a bank deposit in the case of Ashton v. Philadelphia National Bank, 2 Chest. Co. 479.

A statute of limitation is a legislative bar to the right of action, but the presumption of payment from the lapse of time is not a bar at all but simply a rule of evidence, affecting the burden of proof: Miller v. Overseers, 17 Pa. Superior Ct. 159; Ash's Est., 202 Pa. 422; Penn Bank's Est., 152 Pa. 65; Farry v. Bank, 58 Atl. Repr. 305.

Whether the presumption of payment is sufficiently rebutted is a question of law for the court and not the jury. The presumption is one drawn by the law itself from a given state of facts, and whether it exists or not is necessarily for the court: Reed v. Reed, 46 Pa. 239; Beale v. Kirk, 84 Pa. 415; Peters's App., 106 Pa. 340; Gregory v. Com., 121 Pa. 611; Porter v. Nelson, 121 Pa. 628.

A balance struck in a pass book is in effect an account stated between a bank and a depositor, which it is true

may be impeached for fraud or error. The presumption is that the balance stated by its own officers is correct and truly represents the account between the parties: Greenhalgh v. Bank, 226 Pa. 184; Thompson v. Fisher, 13 Pa. 310; United Security Life Ins., etc., Co. v. Bank, 185 Pa. 586; Myers v. Nat. Bank, 193 Pa. 1; Leather Mfrs.' Nat. Bank v. Morgan, 117 U. S. 96 (6 Sup. Ct. Repr. 657).

*Axtell J. Byles* and *Geo. F. Davenport,* with them *M. J. Heywang,* for appellee.—The statute of limitations does not begin to run against a deposit until after demand made: Girard Bank v. Bank of Penn. Township, 39 Pa. 92; Finkbone's App., 86 Pa. 368; McGough v. Jamison, 107 Pa. 336; Humphrey v. Bank, 113 Pa. 417; Swearingen v. Dairy Co., 198 Pa. 68; Cook v. Carpenter, 212 Pa. 165; Morrison v. Blake, 33 Pa. Superior Ct. 290; Smith v. Smith, 38 Pa. Superior Ct. 251.

We submit that upon no reason or authority can the theory of account stated be carried beyond the very account in question, item for item and entry for entry: Auzerais v. Naglee, 15 Pac. Repr. 371.

Under the circumstances of this case, the presumption of payment does not arise by reason of lapse of time: Eby v. Eby, 5 Pa. 461; Reed v. Reed, 46 Pa. 239; Phila. Trust Co. v. R. R. Co., 160 Pa. 590; DeHaven's Est., 215 Pa. 549; Devereux's App., 184 Pa. 429; Richards v. Walp, 221 Pa. 412.

OPINION BY RICE, P. J., October 10, 1910:

On May 25, 1888, the defendant deposited $700 with the plaintiff bank in the name of and as a gift to his wife, and received from the bank an ordinary deposit book issued in her name, which he delivered to her and which she retained until the time of trial. There was the following printed indorsement on the book: "This book belongs to the bank. No entries are to be made in it except at the bank and by an officer of the bank. It is to be returned to the bank at the end of each month to be

written up and examined. Overdrafts will not be paid."
It appears by the entries in the book that the bank
charged itself with this deposit and, in the following
month, with an additional deposit of $75.00, took credit
for a payment of $113.60 in August of the same year, and
on January 15, 1889, stated a balance of $661.40 in her
favor. No further entries were made in the book. On
April 12, 1909, the defendant presented to the bank the
check of his wife for $661.40, payable to himself, and re-
ceived payment. This action was brought in June fol-
lowing to recover back the money upon the ground that
it was paid by mistake. We need not recite the evidence
relative to the allegation of mistake. The case has been
argued as if it were an action by Mary W. Thompson
against the bank to recover $661.40, the balance shown
by her book, and we will consider it in the same view.

1. The contention that her right to recover was barred
by the statute of limitations cannot be sustained. The
engagement of a bank with its depositor is not to pay
absolutely and immediately, but when payment shall be
requested at the banking house. "Such are the terms of
the contract implied in the transaction of receiving money
on deposit, terms necessary alike to the depositor and the
banker. And it is only because such is the contract, that
the bank is not under the obligation of a common debtor
to go after its customer and return the deposit wherever
he may be found. Hence it follows, that no right of ac-
tion exists, and the statute of limitations does not begin
to run until the demand stipulated for in the contract has
been duly made:" Girard Bank v. Bank of Penn Twp.,
39 Pa. 92. Having regard to the reason of the rule, the
mere fact that the depositor has had the account in his
deposit book balanced cannot affect its applicability.
The nature of the contract is not thereby changed so as
to dispense with the necessity of making demand before
bringing suit to recover the balance, and, this being so, it
is apparent that the statute does not begin to run until
demand has been made. There are acts from which a

waiver of demand by the depositor will be implied, and amongst these is notification to him by the bank that his claim will not be paid, also the rendition·to him by the bank of an account in which it claims the money as its own: 1 Morse on Banks and Banking (3d ed.), sec. 322. Penn Bank's Est., Walters's App., 152 Pa. 65, belongs to the class of cases in which this exception to, or qualification of, the general rule is recognized.   There was not merely a balancing of the debtor's account, but distinct notice to him that the bank claimed that all the money deposited by him had been drawn out, indeed, that his account was overdrawn.   For more than six years the depositor acquiesced in the correctness of the account.   And hence it was held, inter alia, that his right of action was barred.   It is not apparent how this case can be regarded as authority against the general rule, that a demand, or some act on the part of the bank dispensing with it, is necessary to set in motion the statute of limitations against the right to recover a general deposit.

2. On July 6, 1907, the defendant made another deposit of $200 in the plaintiff bank in the name of and as a gift to his wife, and received a deposit book therefor, which he delivered to her.   This account was balanced and vouchers were returned to Mrs. Thompson four times, and the account was finally closed in 1908.   When this account was opened nothing was said, so far as the evidence shows, about the old book issued in 1888, nor was the book returned to or demanded by the bank.   The checks drawn after the new account was opened were charged against that deposit, and, so far as affirmatively appears, the state of the old account was not taken into consideration by either party when the new account was opened or when the book showing that account was balanced.   The opening of two accounts by the same depositor in the same name may be unusual in banking practice; but it is not contrary to reason, under the evidence in this case, that Mrs. Thompson intended, as she

testified, to keep the two accounts separate and not draw on the first until some exceptional emergency should make it necessary to do so.   And the bank manifested its acquiescence in her opening a separate account, by the manner in which it was stated in the new book it gave her and not calling for the surrender, or even the production, of the old book, which, according to the indorsement on it, was the property of the bank.   As already pointed out, the manner in which the account was stated in this book gives no indication that it was a continuation of, or had any connection with, the former account.   In view of all the facts, the court committed no error in refusing to charge unqualifiedly that the transactions relating to the second account had the effect of an account stated and conclusively estopped her from recovering the balance shown by the old book, even though the jury believed her positive testimony that it had not been paid.   We think the learned judge took the correct view in holding that, under the evidence, the balancing of Mrs. Thompson's account opened in 1907, and the return of the vouchers, had the effect of an account stated and was conclusive as to the items of that account, and that, whilst her acquiescence in that statement, together with the circumstance of her long delay in making demand for another balance than that shown by her last account, were facts which might legitimately shake the faith of the jury as to the correctness of her present claim, yet they did not conclusively estop her.

3. The remaining question to be considered is as to the presumption of payment from lapse of time.   It is argued by appellee's counsel that the doctrine does not apply to an action to recover a bank deposit.   As we view the case, it is not necessary to consider that question.   The court charged that it did apply to the case and that the burden was on the defendant to satisfy them, by clear and convincing testimony, that the balance shown by Mrs. Thompson's deposit book had not been paid.   If the question was to go to the jury, it cannot be claimed that

the instructions as to the burden of proof and as to the quality of evidence required to rebut the presumption were not as favorable to the appellant as it had a right to ask. The question then is as to the sufficiency of the evidence. The presumption which the law raises after a lapse of twenty years is in its nature essentially different from the bar interposed by the statute of limitations to the recovery of a simple contract debt. The latter is a prohibition of the action; the former prima facie obliterates the debt: Reed v. Reed, 46 Pa. 239. The presumption of payment is raised by an artificial rule. It cannot be rebutted except by evidence which will create a natural presumption at least equally strong: Sellers v. Holman, 20 Pa. 321. The presumption is equal to direct proof of payment, and it will prevail until overcome by direct proof of nonpayment or the proof of facts and circumstances from which nonpayment may be clearly inferred: Richards v. Walp, 221 Pa. 412. It has been said that whether or not the facts and circumstances relied on would, if true, legitimately give rise to a presumption of fact that would rebut the prima facie presumption of payment, is a question of law for the court; but whether or not the matters of fact alleged are true, is a question for the jury: Gregory v. Com., 121 Pa. 611. Here the party upon whom the court cast the burden of proving nonpayment did not rely merely on a presumption or inference of fact drawn from other facts and circumstances, but upon the direct and positive testimony of the depositor that the balance of $661.40 had never been paid by the bank and that nothing had been drawn out of the fund deposited in 1888 after payment of her check for $113.60. She was not contradicted by any direct testimony, nor by the books of the bank, for they had been destroyed. The circumstances relied upon by the appellant to affect the truth of her testimony were not such as to conclusively discredit her; they went only to her credibility, which was for the jury. Nor is her testimony based on hearsay or inference. She knew, because

she was the only person who had a right to draw the money, whether the debt had been paid. In short, the facts testified to by her were sufficient in law to rebut the presumption of payment. Whether or not she testified truly, was a question for the jury and not for the court. The case of Miller v. Overseers of the Poor, 17 Pa. Superior Ct. 159, upon which appellant's counsel places great reliance, is plainly distinguishable from the present case. That was a scire facias upon a judgment of a justice of the peace. Thirty years had elapsed between the date of judgment and the issuing of the scire facias. We held that the plaintiff's testimony that the amount of the judgment had not been paid to him was not sufficient in law to completely rebut the presumption of payment, because it might have been paid to the justice, and, indeed, it was not too much to say that this is the most common way of discharging such debt. But here the only person who could lawfully draw upon the fund, or to whom the fund could be paid lawfully, testified emphatically that she had not drawn upon the fund and that it had never been paid to her. There is no possible way in which a finding that the bank may have discharged the debt can be reconciled with her testimony. It necessarily follows that binding instruction that the presumption of payment had not been completely rebutted would have been clearly erroneous.

The case was well tried and was submitted to the jury in a clear, adequate and impartial charge.

The assignments are overruled and the judgment is affirmed.