## Monroe's Estate.

*Collateral inheritance tax—Presumption of payment from lapse of time—Rebuttal.*

The presumption of payment of collateral inheritance tax after a period of over twenty years since the tax became due is not rebutted by the production of the records of the Register of Wills' office, supplemented by testimony that the inspection of the records indicated that the tax had not been paid and that there were no other records or papers in the office that indicated that the tax had been paid.

Exceptions to adjudication. O. C. Phila. Co., July T., 1922, No. 156.

*Abraham Berkowitz,* for Commonwealth, exceptant.

*Frank T. Matthews,* contra.

THOMPSON, J., July 12, 1923.—The question presented by the exceptions is as to the character of proof required to rebut the presumption of payment of collateral inheritance tax after a period of over twenty-three years.

The tax was due in 1889, and claim for payment of the same was made by the Commonwealth of Pennsylvania in May, 1923.

In Myrtetus's Estate, 69 Pa. Superior Ct. 318, at p. 320, the court said: "If the tax was due at the death of the testator, twenty years having passed since then, the tax would be presumed to have been paid: Stewart's Estate, 147 Pa. 383."

In Ash's Estate, 202 Pa. 422, at p. 424, Mr. Justice Mitchell says: "When the Commonwealth comes into its courts, it is subject, like all other suitors, to the established rules of evidence. It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order under the regular rules of procedure. In all such respects it stands upon the same footing as ordinary litigants. Statutes of limitation do not apply to it, because the maxim *nullum tempus occurrit regi,* though probably in its origin a part of royal prerogative, has been adopted in our jurisprudence as a matter of important public policy. But rules of evidence and legal presumptions are not changed for or against the State as a suitor. A statute of limitation is a legislative bar to the right of action, but the presumption of payment from the lapse of time is not a bar at all, but simply a rule of evidence affecting the burden of proof: Miller *v.* Williamsport Overseers, 17 Pa. Superior Ct. 159."

The only evidence offered to rebut the presumption as above was by some of the officers of the Register of Wills' office, who produced the records of that office and testified that an inspection of the same indicated that no tax had ever been paid, and that there were no other records or papers in said office that indicated that the same had been paid. This, in our judgment, is not sufficient, and there would be little left of the presumption if such testimony were allowed to overcome the same. In Miller *v.* Williamsport Overseers, 17 Pa. Superior Ct. 159, it was held that the testimony of the creditor that the debt had not been paid was not sufficient to overcome the presumption of payment. There have been several Registers in office since the tax in this case became due, and it may have been paid to one of them who kept no record of the transaction.

It would unduly prolong this discussion to enumerate all the facts and circumstances which have been held sufficient to rebut the presumption of payment, but the cases are collected and can be found in 30 Cyc., 1277.

All exceptions to the action of the auditing judge in rejecting the claim of the Commonwealth of Pennsylvania are dismissed and the adjudication is confirmed absolutely.