From S. D. Gettig, Bellefonte, Pa.

---

## Sheirich Estate.

*Collateral inheritance tax—Presumption of payment.*

1. Where there is an attempt to collect a collateral inheritance tax on an interest which had vested forty-one years before, the lapse of time and the presumption that a mandatory obligation was not disregarded by both responsible parties and sworn officials creates the presumption that the tax has been paid and prevents collection.

2. A statute of limitation is a bar to the right of action, but a presumption of payment is simply a rule of evidence, which applies to the Commonwealth as well as any other suitor.

Adjudication. O. C. Lancaster Co., May T., 1924, No. 44.

*Charles G. Baker*, for estate; *M. E. Musser*, for Commonwealth.

SMITH, P. J., June 25, 1925.—It is alleged that collateral inheritance tax has not been paid on a one-third undivided interest in real estate which vested in John and Elizabeth Sheirich by virtue of the will of their brother Abraham, who died April 1, 1884. Forty-one years, one month and four days after his death, on May 18, 1925, the Commonwealth had this interest appraised for collateral inheritance tax purposes and asks that the amount of the tax with accumulated penal interest be awarded it.

The lapse of time and the presumption that a mandatory obligation was not disregarded by both responsible parties and sworn officials creates the presumption that the tax has been paid; and this is strengthened by a correlated

VOL. 7—28

Sheirich Estate.

circumstance. A tract of land had been owned by Abraham, John and Elizabeth Sheirich. Abraham devised the interest, which was subject to the tax now claimed, to his brother and sister. Later, John died, having devised his interest to his sister Elizabeth, the testatrix. It is admitted that the tax due on John's estate has been paid. When he died the relations and responsibilities were the same as when Abraham died. The presumption that the tax was paid on Abraham's estate is reflectively consistent with the payment of the tax on John's estate. That the Commonwealth's officials, the executor and the devisees did not neglect the imperative duty of collecting and paying the tax is a corroborative presumption. The Commonwealth makes a bald claim and arbitrarily demands payment. It offered no evidence, either in support of the claim or in rebuttal of the presumption of payment.

In his opinion in Ash's Estate, 202 Pa. 422, Mr. Justice Mitchell said: "When the Commonwealth comes into its courts, it is subject like all other suitors to the established rules of evidence. It must meet the burden of proof; its evidence must be relevant, material, the best obtainable, and must be presented in due order under the regular rules of procedure. In all such respects it stands upon the same footing as ordinary litigants. Statutes of limitation do not apply to it, because the maxim *nullum tempus occurit regi*, though probably in its origin a part of royal prerogative, has been adopted in our jurisprudence as a matter of important public policy. But rules of evidence and legal presumptions are not changed for or against the state as a suitor. A statute of limitation is a legislative bar to the right of action, but the presumption of payment from the lapse of time is not a bar at all but simply a rule of evidence affecting the burden of proof: Miller *v.* Williamsport Overseers, 17 Pa. Superior Ct. 159. It is of equitable origin, founded on experience of the ordinary course of business and human affairs, and adopted by the law in the interests of repose and the ending of litigation. There is no good reason why it should not apply to the Commonwealth just as other legal rules and presumptions do. And so it has been ruled. In Stewart's Estate, 147 Pa. 383, it was held that after forty-two years, a collateral inheritance tax will be presumed to be paid."

In Stewart's Estate, where the Commonwealth attempted to collect a tax forty-two years after the death of the testatrix, it was held that there was "a presumption of payment arising not only from the lapse of time, but from the presumption in favor of the performance of his duty by the executor under his oath of office." See, also, Judge Bland's exhaustive opinion in Fasig's Estate, 20 Dist. R. 77.

The Commonwealth hangs its contention on Mellon's Appeal, 114 Pa. 564, which does not support it. In that case the limitation was invoked as provided by section 3 of the Act of May 4, 1885, P. L. 425: "All collateral inheritance taxes not sued for within twenty years after they accrued shall be presumed to have been paid and cease to be a lien as against any purchasers of real estate." It was held that "a conclusive presumption of payment arises in favor of the purchasers and as against them the lien ceased," but an heir was not exempt, "unless the claim has been actually or constructively paid." In the present case there has been no attempt by the executors to operate the act and its introduction by the Commonwealth in no way prejudices their cause, for it would be no strain to find that constructively the tax had been paid.

We find that the tax which was due on the estate of Abraham Sheirich is presumed to have been paid, and, therefore, the claim of the Commonwealth is not allowed.

From George Ross Eshleman, Lancaster, Pa.